W. R. GILLIS *vs.* DULUTH, NORTH SHORE & SOUTHWESTERN RAILROAD COMPANY.[1]

### December 1, 1885.

Principal and Agent — Contract within Apparent Authority — Undisclosed Restriction of Authority.—Evidence in this case considered, and *held* to show that certain services and expenditures were rendered and made by plaintiff under the employment and direction of

[1] JOHN COATS AND ANOTHER *vs.* DULUTH, NORTH SHORE AND SOUTHWESTERN RAILROAD COMPANY.

December 5, 1885.

Appeal by defendant from an order of the district court for Stearns county refusing a new trial.

*Long & Warner* and *R. P. Edson,* for appellant.

*D. W. Bruckart,* for respondent.

BERRY, J. This case involves substantially the same questions presented in *Gillis* v. *Duluth, N. S. & S. W. R. Co., ante,* and the order is accordingly affirmed.

defendant's chief engineer, assuming to act for defendant, and possessing apparent authority to so employ and direct in defendant's behalf; and an alleged limitation upon such apparent authority not appearing to have been communicated to plaintiff, *held*, that he is entitled to recover for such services and expenditures by virtue of such employment and direction.

Appeal by defendant from an order of the district court for Stearns county, *Collins*, J., presiding, refusing a new trial after a verdict for plaintiff.

*Long & Warner* and *R. P. Edson*, for appellant.

*D. W. Bruckart*, for respondent.

BERRY, J. This is an action to recover pay for engineering services rendered by plaintiff and his minor son to defendant, and for money expended by plaintiff for defendant in connection therewith. That defendant is a railroad corporation, and that the services sued for were performed upon a line or route within the scope of its articles of incorporation, is undisputed. It is also undisputed that Tranah was one of the defendant's chief engineers, and as such employed by defendant "to survey and establish" the line of its road. It was also shown, without contradiction, that a "chief engineer is the superintendent of everything connected with the location and construction of the road." There was also competent evidence tending to show that, assuming to act as such chief engineer, Tranah employed plaintiff to perform and procure to be performed the services, and to make the expenditures sued for. That Tranah did thus in fact employ the plaintiff was not disputed in evidence, but the defendant insisted, and introduced what was equivalent to evidence tending to show, that Tranah and a partner took of defendant a contract "to survey and establish" the line of defendant's road, and "supervise the construction thereof," at the price of $1,000 per mile; themselves paying, as we understand it, the expenses of so doing; and that they had no authority to make any contract by which defendant would be bound to pay any part of such expenses.

Now, upon the foregoing state of the evidence, admissions, and undisputed facts in the case, and upon the further evidence as to the performance of the services and the making of the expenditures sued

for, there would seem to be no doubt that the jury was warranted in finding for the plaintiff. The jury were at liberty to find that, *prima facie*, Tranah's employment as defendant's chief engineer, "to survey and establish" its line, clothed him with apparent authority to employ, on behalf of defendant, such subordinates, and incur such expenditures, as were reasonably suitable to that end, and such as the evidence tended to show plaintiff's services and expenditures to have been; (*Hooker* v. *Eagle Bank*, 30 N. Y. 83; *Crowley* v. *Genesee Min. Co.*, 55 Cal. 273;) and there was no evidence introduced to show that the alleged special employment of Tranah and his partner to do the surveying, etc., for a gross sum per mile, they paying all expenses thereof, was ever communicated to plaintiff. And it follows that the jury were at liberty to find that defendant was bound by Tranah's action in the exercise of his apparent authority in employing plaintiff, and authorizing him to make necessary expenditures. Authorities *supra; Smith* v. *Peoria Co.*, 59 Ill. 412.

These conclusions appear to us to dispose of the case; for, in view of the admitted and undisputed facts above mentioned, the many exceptions taken to the testimony as to who the defendant's directors were, and what they said and did, become unimportant. Tranah's apparent agency is made out without any dependence upon that testimony, and by defendant's own admission. If there was any error in receiving that testimony, it cannot have substantially prejudiced the defendant.

As there is nothing further in the case which appears to us to demand special consideration here, the order denying a new trial is affirmed.