### Missouri, Kansas & Texas Railway Company et al. v. A. Faulkner.

#### No. 344.

**1. Power of Vice-President to Employ Passenger Agent.**
Waldo, as vice-president of the Missouri, Kansas & Texas Railway, chartered in Kansas, and vice-president of the Missouri, Kansas & Texas Railway Company in Texas, incorporated under the laws of Texas, had no power to bind said companies, or either of them, by a contract with a passenger agent for a stated term. See facts ....................................651, 652

**2. Power of Officer of Corporation.**
A party dealing with an agent of a corporation must, at his peril, ascertain what authority the agent possesses, and is not at liberty to charge the corporation by relying upon the agent's assumption of authority, which may prove to be unfounded .............................................. 652

**3. Limit to Power of Agent of Corporation.**
An officer of a corporation organized under the laws of this State could not bind it by contract for services to be performed jointly for it and in the interest of another corporation........... ... ........................... 653

Error to Court of Civil Appeals for First District, in a case from District Court of Harris County.

The opinion states the facts.

*Baker, Botts, Baker & Lovett,* for the Missouri, Kansas & Texas Railway Company of Texas, and the Missouri, Kansas & Texas Railway Company.—1. Under the statute of this State vesting all the corporate power of a railroad company in its board of directors, and authorizing them to elect or appoint such subordinate officers as the by-laws may provide for, and under the by-laws of these petitioners vesting the

board of directors alone with the power to fix the terms of all officers, and providing for the removal of a general passenger and ticket agent at the pleasure of the vice-president, the contract alleged by plaintiff, if any was made, was unauthorized by petitioners, and is not binding on them. Rev. Stats., arts. 4130, 4131; Fitzhugh v. Land Co., 81 Texas, 306; Taylor on Corp., sec. 236; Templin v. Railway, 34 Am. and Eng. Ry. Cases, 107; Adriance v. Boone, 52 Barb., 299; Rice v. Peninsular Club, 4 Am. and Eng. Corp. Cases, 249; Bank v. Hack, 98 Pa. St., 324; Blen v. Water Co., 20 Cal., 602; Risley v. Railway, 1 Hun, 202.

2. All persons dealing with officers of a corporation are bound to take notice of the limitations fixed upon the powers of the officers of such corporations by the by-laws and charter of the corporation. Wild v. Bank, 3 Mason, 505; The State v. Bank, 6 Smed. & M., 218; Risley v. Railway, 1 Hun, 202; Adriance v. Boone, 32 Barb., 399; Earnest v. Nichols, L. R., 6 H. L. Cases, 419; Smith v. Hull Glass Co., 11 C. B., 926.

O. T. *Holt*, for defendant in error.—The vice president, Waldo, had the power and authority to employ the defendant in error, A. Faulkner, with the consent and approval of H. C. Rouse, president.

Implied agency: It can in general be said, that the manner in which a party treats one who apparently acts as his agent, and holds him up before third parties, will be a sufficient implication of agency. 1 Am. and Eng. Encyc. of Law, 340, 349.

Principal bound under general authority: An agent acting under general authority binds his principal by acts done within the scope of his authority. 1 Am. and Eng. Encyc. of Law, 350, and cases cited.

Authority to employ an agent or servant includes, in the absence of restrictive words, authority to make a complete contract definite as to amount of wages and other terms. 1 Am. and Eng. Encyc. of Law, 364.

All persons dealing with a corporation must take notice of the powers conferred upon it by its charter. Fitzhugh v. Land Co., 81 Texas, 306.

DENMAN, Associate Justice.—A. Waldo, acting in his capacity as first vice-president of the Missouri, Kansas & Texas Railway Company, incorporated under the laws of Kansas, and the Missouri, Kansas & Texas Railway Company in Texas, incorporated under the laws of Texas, employed A. Faulkner by letter for the term of one year, at a salary of $5000, to act as general passenger and ticket agent for both of said companies, operating a line of railway through the States of Missouri, Kansas, Indian Territory, and Texas. Said Faulkner having entered upon the performance of the duties of said employment, and continued therein nine months, was discharged by T. C. Purdy, who, in the meantime, had succeeded Waldo as first vice-president of said com-

panies. After the expiration of the year, Faulkner sued both companies for damages for breach of the contract of employment, and recovered judgment therefor for $1250, which was affirmed by the Court of Civil Appeals, such sum being the balance of the salary for the three months of the year unexpired at the date of his discharge. The employment of Faulkner was with the consent and approval of H. C. Rouse, president of both companies, but it does not appear from the evidence that the president, at the time of such approval, knew that Waldo had fixed the term of employment at one year. Faulkner's salary was paid up to the date of his discharge.

At the time of the employment and discharge, the by-laws of the Missouri, Kansas & Texas Railway Company provided: "The first vice-president shall have general charge of the commercial affairs of the company, including passenger, freight, mail, and express traffic, and officers of these departments shall be appointed by him, subject to the approval of the president, and may be removed by him at pleasure."

At the same time, the by-laws of the Missouri, Kansas & Texas Railway Company in Texas provided: "And the president, subject to the approval of the board of directors, or executive committee, when the board is not in session, may also from time to time appoint such other officers, agents, and assistants as may be deemed necessary for the management of the business of the company, and fix, apportion, change, and prescribe their duties and terms of office, and fill all vacancies, and the president and vice-president shall have functions as lawfully appertain to such offices, and as may be regulated from time to time by the by-laws or articles of organization."

The above are substantially the facts found by the Court of Civil Appeals, and as no exception is raised here as to their correctness, they will be taken as supported by the evidence.

Said companies, plaintiffs in error, assign as error here, that the Court of Civil Appeals erred in not sustaining their assignment of error, to the effect, "that the District Court erred in not holding that neither Waldo nor any other person in the employment of plaintiffs in error, or either of them, had authority to employ Faulkner for any stated period."

The question to be determined is, whether the first vice-president, Waldo, had the authority to bind either or both of said companies by the contract of employment of Faulkner for the period of one year.

There is nothing in the nature of the office of first vice-president of a railroad company to indicate the character or extent of such officer's authority, and there is no evidence in this record tending to show that either of said companies had so treated or held out said Waldo, or recognized or adopted his acts, as to reasonably induce third persons dealing with him to believe and act upon the belief that he had authority to make such contract. Therefore, there is no question of *apparent* authority in this case, but in order to support the judgment,

actual authority in the first vice-president, Waldo, to make the contract must have been shown.

We will first determine whether it has been shown that Waldo had authority to make the contract in behalf of the Kansas company.

No statute of Kansas, nor provision of the charter of such corporation, granting such power has been produced. So far as this record shows, the by-law above quoted is the sole source of the authority of the first vice-president of this company. It is clear, that all persons appointed by him thereunder were removable by him or his successor at pleasure, and that therefore it conferred upon him no power to appoint or employ Faulkner for a fixed period of one year, without power of removal. We are of the opinion that Faulkner, when appointed, was an officer of the passenger department within the meaning of said by-law, for the record shows, that when appointed he had "entire charge of all passenger and ticket matters of the system," which included both roads. Any other construction would render the by-law nugatory. If, however, he was not included, such fact would not avail him anything, for then there would not appear from the record any power in Waldo to employ him at all. It is contended that Faulkner had no notice of the limitation upon Waldo's power, and is therefore not bound by it. This contention can not be maintained; because (1) Waldo's power under said by-law did not extend to the employment of any one, except subject to the power of the first vice-president to discharge at pleasure; and (2) if that be not true, still, he, in dealing with this officer of the corporation, was chargeable with notice of the limitation upon such officer's power contained in the very by-law conferring the power to contract with him. As said by Cooley, J., in Rice v. Peninsular Club, 4 American and English Corporation Cases, 249: "A party dealing with the agent of a corporation must, at his peril, ascertain what authority the agent possesses, and is not at liberty to charge the corporation by relying upon the agent's assumption of authority, which may prove, as it did in this case, to be entirely unfounded."

We will next determine whether Waldo had authority to make the contract on behalf of the Texas company.

The statute of Texas then in force in reference to railroads, provides: "There shall be a president, * * * and such other subordinate officers as the corporation, *by its by-laws*, may designate, who * * * shall perform such duties * * * as the corporation, *by its by-laws*, shall require;" and "no by-law shall be enacted, altered, amended, added to, repealed, or suspended, except at a regular annual meeting of the stockholders, and by a majority vote of two-thirds in value of all the stock of the corporation." Rev. Stats. 1879, arts. 4131, 4137. Thus, by virtue of the statute, of which all persons must take notice, the by-laws are made the source of an officer's actual authority to bind the company. No by-law of this company conferring upon the first vice-president authority to bind the

company by the contract in question, or even authorizing him to employ such an officer or agent as Faulkner, has been shown.   The only by-law in evidence in reference to the vice-president is the one above quoted, which provides, that the "vice-president shall have functions. as lawfully appertain to such office, and as may be regulated from time to time by the by-laws or articles of organization."   Under the statute above quoted, the functions "lawfully" appertaining to the vice-president are to be determined by the by-laws.

It will be observed, that in making the particular agreement with Faulkner, Waldo was attempting to bind both companies by a joint. contract employing a joint agent to render service not appertaining wholly to the business of either company.   If it be conceded that a. by-law could have been lawfully passed authorizing the employment. in question in this case, its language would have to be susceptible of no other construction, in order to justify a holding that it conferred upon the first vice-president authority to bind the company to pay for services to be rendered for a given term, in part at least, for another company.   Such authority is beyond and an addition to the most general authority to employ, for it involves the power to virtually guarantee the payment of the other company's officers for such term as the first vice-president might deem proper.

We are therefore of the opinion, that no authority has been shown. in Waldo to bind either of said companies by the contract sued upon, and for that reason the judgment will be reversed and the cause remanded, without considering the other questions raised.

*Reversed and remanded.*

Delivered November 18, 1895.