JAMES DROHAN v. MERRILL & RING LUMBER COMPANY.

January 11, 1899.

Nos. 11,397—(121).

**Authority of Agent—Contract of Employment—Reasonable Time.**

> *Held,* authority to hire a servant for defendant, in the absence of restrictive words as to the length of the time of hiring, authorized the agent to hire a servant for such a length of time as would, under all the circumstances, be reasonable, considering the nature of the business, the season of the year in which it is prosecuted, and the length of time which it is likely to take to complete the work.

**Same.**

> Under the circumstances of this case, it cannot be held, as a question of law, that three months was an unreasonable length of time for which to hire the servant.

From an order of the municipal court of Duluth, Edson, J., denying a motion for a new trial, after a verdict in favor of plaintiff for $103, defendant appealed. Affirmed.

*Daniel Waite,* for appellant.

*Chester McKusick* and *John C. Hessian,* for respondent.

CANTY, J.

Plaintiff, in his complaint herein, alleges that he and the defendant corporation entered into a contract whereby it employed him as "blacksmith and handy man" in its lumber camp for three months from and after December 15, 1897, at the wages of $45 per month; that he entered upon his duties, and, after he had discharged the same for 14 days, defendant discharged him without cause, and refused longer to employ him; and that during the balance of the three months he earned $32, and no more. He brought this action to recover the amount of the balance of the wages for the three months as damages for the breach of the contract. On the trial he had a verdict, and defendant appeals from an order denying a new trial.

Plaintiff was employed through an employment agent, and appellant contends that the agent did not have authority to employ plaintiff for three months, or for any other definite length of time. We cannot so hold.

The testimony shows that appellant's foreman said to the employment agent, "Send me a blacksmith and handy man," and that the foreman authorized the agent to hire such a man at the wages of $45 per month, but that nothing was said between the foreman and agent as to the length of time for which the man should be employed. The testimony of the agent is to the same effect. We are of the opinion that this was sufficient authority to authorize the agent to make a contract of employment for what, under all the circumstances, would be a reasonable length of time; and we are not able to say, as a question of law, that in this case three months was not a reasonable length of time.

What is a reasonable length of time will depend on the nature of the business, the time of the year in which it is usually prosecuted, and the length of time which it is likely to take to complete the work. Williams v. Getty, 31 Pa. St. 461.

"Authority to employ will, in the absence of restrictive words, include authority to make a complete contract definite as to the amount of compensation, terms of employment," etc. 1 Am. & Eng. Enc. (2d Ed.) 1034.

This is the only point raised having any merit, and the order appealed from is affirmed.