JOHN J. WILLIAMS v. CASSIUS W. KERRICK and Another.[1]

June 12, 1908.

Nos. 15,722—(63).

**Authority of Special Agent.**

Persons dealing with a special agent cannot rely upon his assumption of authority, but must inform themselves of the extent of his powers.

**Hiring by Employment Agent.**

An employment agent, authorized to employ men to work at the town of A., has no implied authority to employ men to work at some other place.

Action in the district court for Hennepin county to recover $196.-17 for an alleged breach of a contract of employment. The case was tried before Frederick V. Brown, J., and a jury which rendered a verdict in favor of defendants. From an order denying plaintiff's motion for a new trial, he appealed: Affirmed.

*Richard & Coe,* for appellant.

*Dodge & Tautges,* for respondents.

ELLIOTT, J.

In an action to recover damages for the breach of a contract of employment, the court directed a verdict in favor of the defendants, and the plaintiff appealed from an order denying his motion for a new trial. The appellant claimed that on October 4, 1906, the respondents employed him to work for them as a carpenter at St. John, North Dakota; that he presented himself there in accordance with the terms of the contract, and was refused work, whereby he was damaged in the sum of $196.17. The alleged contract of employment was made through Buffington & Larson, who were engaged in business under the name of the Flour City Employment Bureau, and the case turns on the question of the scope of their agency.

The appellant testified that he saw a sign in front of the office of the employment bureau, which stated that carpenters were wanted for work at St. John, North Dakota. He applied for the work, and

[1] Reported in 116 N. W. 1026.

in his presence Buffington called up Mr. Kerrick and informed him that he had three men to go out to St. John, North Dakota. The appellant, of course, could not hear what was said by Kerrick; but, after the conversation over the telephone was ended, Buffington said to him and the men who were with him: All right, [you can] go. It seems that the train only runs to St. John, North Dakota, and the respondents furnished the men with transportation to that point. When the appellant arrived there he found that the work was not being done at St. John, but at Boissevain, Canada. St. John was about three miles south of the Canadian line, and Boissevain was a few miles north of the line, in Canada. The appellant went on to Boissevain, where he found the respondents' foreman and gave him the letter which had been given him by Buffington. The appellant had been employed to do carpenter work upon a depot building, but no work of any kind was being done by respondents at St. John, although they were constructing a depot at Boissevain. The appellant was offered work there, but, not being satisfied with the boarding accommodations, declined it and returned to Minneapolis.

The evidence tended to show that Buffington told the appellant that the work was to be done at St. John; but the difficulty is that it appears very clearly that Buffington had no authority to employ men to work for the respondents at St. John. The plaintiff called Buffington as his witness, and he testified that two days before the appellant came to his office he had been authorized by the respondents to employ carpenters "to go up north on the St. John's extension building then into Canada," and that he had no other talk with the respondents until he called Mr. Kerrick up over the telephone, while the appellant was in the office. Mr. Kerrick, a member of the respondents' firm, was also called by the appellant, and testified that no work was being done by his firm at St. John, but that they were building a depot at Boissevain, Canada.

The plaintiff thus proved that the employment bureau had authority to employ carpenters to work for respondents at a certain place. The agency was special and temporary, and in assuming to employ carpenters to work for the respondents at some other place the agents exceeded their authority, and the principal was not bound by their acts. The rule is established that persons dealing with a special agent

cannot rely upon his assumption of authority, but must inform themselves of the extent of his powers. Mechem, Ag., § 288; Nielsen v. Northeastern, 40 Wash. 194, 82 Pac. 292, and numerous cases there cited. Drohan v. Merrill & Ring Lumber Co., 75 Minn. 251, 77 N. W. 957, holds that general authority to employ men authorizes their employment for a reasonable time. That principle does not aid the appellant.

Order affirmed.

On August 7, 1908, the following opinion was filed:

PER CURIAM.

We have examined the briefs filed under the order granting a reargument, but find no reason for changing the view expressed in the former opinion, to which we therefore adhere.