GEORGE M. TOWNSEND, *Appellant*, v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellee*.

No. 17,823.

SYLLABUS BY THE COURT.

1. CONTRACT—*Made by Agent—Scope of Agent's Authority.* An act of an agent which is within the apparent but not within the real scope of his authority is binding upon the principal where otherwise loss would result to one who has in good faith relied upon such appearance.

2. ——— *Same.* An act is within the apparent scope of an agent's authority when a reasonably prudent person, having knowledge of the nature and usages of the business, is justified in supposing that he is authorized to perform it, from the character of the duties which are known to be entrusted to him.

3. ——— *Same.* It is a question of fact, to be determined under all the circumstances, whether an agreement to give employment for nine months is within the apparent scope of the authority of a division engineer of a railway company, who is known to have supervision over the maintenance of the tracks and bridges within a certain territory, and to make the contracts for the work connected therewith, and who in fact has absolute control of it, except that he is limited to the expenditure of the amount appropriated by the company to that purpose each month.

4. ——— *Erroneous Instructions.* In such a situation it is error to instruct that although the contract was within the appar-

ent scope of the agent's authority, the company would not be bound unless it had previously ratified similar acts in excess of his powers.

Appeal from Phillips district court. Opinion filed December 7, 1912. Reversed.

*W. A. Barron,* of Phillipsburg, and *Mahin, Mahin & Mahin,* of Smith Center, for the appellant.

*W. P. Waggener,* and *J. M. Challiss,* both of Atchison, for the appellee.

The opinion of the court was delivered by

MASON, J.: George M. Townsend sued the Missouri Pacific Railway Company, alleging in substance that it employed him to furnish twenty-three men and teams to work upon its right of way, under a contract that the employment was to continue for nine months; that he was discharged at the end of twenty-eight days, and being unable to find other employment during the remainder of the period, suffered loss for which he asked compensation. In addition to the other defenses the company contended that its agent, with whom the plaintiff dealt, had no authority to make such a contract. Upon trial a verdict was returned for the defendant, upon which judgment was rendered, and the plaintiff appeals.

The plaintiff was employed by P. F. Gentine, who was known as a division engineer of the company, and as such had supervision over the maintenance of tracks and bridges within territory which included the place where the work was to be done. He testified that he had not in fact agreed to give the plaintiff employment for nine months, or for any definite period, and that he had no power to bind the company by such a contract; that each month a sum of money was appropriated to him and his authority was limited to the expenditure of that appropriation; that so far as that

amount went he hired men and teams to do work without consulting any one, having absolute control subject to the limitation stated. The plaintiff contends that he had no notice of such limitation, if it existed; that Gentine agreed to give him nine months' work; that such agreement was within the apparent scope of the agent's authority and was binding upon the company for that reason. His chief complaint is that the court failed to give proper instructions upon this feature of the case, and that the verdict for the defendant was the result of such failure. The instruction given bearing directly upon this subject read:

"If you find from the evidence that the claimed contract sued on by the plaintiff herein was within the apparent scope of the authority of the said P. F. Gentine, Division Engineer, such finding is in no way binding upon the defendant company, unless you should also find that there had been previous transactions of a similar character in which the said P. F. Gentine exceeded his powers and which the defendant company ratified without question."

This instruction was manifestly based upon the second paragraph of the syllabus in *Kane v. Barstow*, 42 Kan. 465, 22 Pac. 588, 16 Am. St. Rep. 490, which reads:

"The rule that a principal is bound by the acts of his agent which are within the apparent scope of the agent's authority, is applicable only where there have been previous transactions of a similar character in which the agent exceeded his powers, but which the principal ratified without question, the other party being ignorant of the limitation of the agent's authority, thereby leading him to believe that the agent had all the powers claimed."

This statement has heretofore been criticised as likely to be misunderstood. (*Aultman v. Knoll*, 71 Kan. 109, 79 Pac. 1074.) It can not be accepted as a sound declaration of a general proposition, however well it may have served as a guide to a correct result as ap-

plied to the facts of that particular case. The ratification of acts previously done in excess of the original grant is but one of the methods by which the principal may be estopped to deny the authority of the agent. Where an agent acts within the apparent scope of his authority, one who in good faith relies upon such appearance may hold the principal responsible, if otherwise he would have been misled to his prejudice. A full collection of cases on the subject is found in 2 A. & E. Enc. L. & P. 954. There is a substantial agreement of judicial opinion as to the rule by which the matter is governed, although there is some diversity in its expression and application. It has been well stated in these words:

"Where a principal has by his voluntary act placed an agent in such a situation that a person of ordinary prudence, conversant with business usages and the nature of the particular business, is justified in presuming that such agent has authority to perform on behalf of his principal a particular act, such particular act having been performed, the principal is estopped, as against such innocent third person, from denying the agent's authority to perform it." (*Johnston v. Milwaukee & Wyoming Investment Co.*, 46 Neb. 480, 490, 64 N. W. 1100.)

(See, also, 2 A. & E. Enc. L. & P. 959.)

Here the division engineer was entrusted with the control of the maintenance of the tracks and bridges within his territory. He alone employed and discharged workmen, and directed their operations. Whether a reasonably prudent man, familiar with the business, was justified in supposing that he had authority to make a contract of employment for nine months was a fair question for the determination of the jury. Such a contract was not necessarily unusual or extraordinary. It differs greatly in that respect from the one involved in *Hornick v. U. P. Railroad Co.*, 85 Kan. 568, 118 Pac. 60, 38 L. R. A., n. s., 826, where a claim agent was alleged, in making a settlement with

an injured employee, to have promised him employment for life. In the following cases contracts of employment for a definite period were upheld under circumstances having some analogy to those here present: *Manross v. Oil Co.,* ante, p. 237; *Gillis v. Duluth, North Shore & Southwestern R. Co.,* 34 Minn. 301, 25 N. W. 603; *Drohan v. Merrill & Ring Lumber Co.,* 75 Minn. 251, 77 N. W. 957; *Williams v. Getty,* 31 Pa. St. 461, 72 Am. Dec. 757; *World's Columbian Exposition v. Richards,* 57 Ill. App. 601; *Decker v. Hassel,* (N. Y.) 26 How. Pr. Rep. 528; and *Cox v. Albany Brewing Company,* 56 Hun, 489, 31 N. Y. St. Rep. 666, 10 N. Y. Supp. 213. In *M. K. & T. Ry. Co. v. Faulkner,* 88 Tex. 649, 32 S. W. 883, a vice president of a railroad company was held to have no power to employ a general passenger and ticket agent for a year, but it was said that there was no question of apparent authority in the case.

The court also gave an instruction reading as follows:

"Third parties dealing with the agent are put upon their guard by the very fact, and do so at their own risk. They cannot rely upon the agent's assumption of authority, but are to be regarded as dealing with the power before them, and must, at their peril, observe that the act done by the agent is legally identical with the act authorized by the power, until such authority is established by other and competent evidence."

This language, with the exception of the clause after the last comma, is taken from 1 A. & E. Encycl. of L. 987. In 2 A. & E. Enc. L. & P. 964, it is thus qualified:

"This is undoubtedly a correct statement of a general principle of the law of agency, but the rule is not to be applied without qualifications and under all circumstances. It is equally well settled that, having ascertained the general character or scope of the agency, the third person is authorized to rely upon the agent's having such powers as naturally and properly

belong to such character, and, in the absence of circumstances putting him upon inquiry, is not bound to inquire for secret qualifications or limitations of the apparent powers of the agent."

Under the evidence in this case the instructions quoted amounted to a misdirection upon the vital matter in controversy. The defendant, however, maintains that any error in this regard was immaterial, because the jury found that no contract for a definite length of time was in fact made. The jury returned a negative answer to the question, "Do you find that on or about April 1, 1909, the plaintiff made a contract with P. F. Gentine to furnish a certain number of teams for a certain length of time?" Taken by itself this answer might seem to support the defendant's contention. But a similar question was submitted in these words: "Did the plaintiff agree at the time of making of the alleged contract to furnish the defendant for the full term of nine months, twenty-three teams every working day?" The jury answered: "No, from 20-25." This seems to mean the same as though they had said: "No, but he did agree to furnish for nine months from twenty to twenty-five teams," a finding which there was evidence to support. The plaintiff pleaded a contract for twenty-three teams, but his testimony was that he was to furnish from twenty to twenty-five. The jury, having made this distinction in answering one of the questions, must be deemed to have had it in mind in replying to the other. They found that no contract was made to furnish a certain number of teams for a certain time, apparently on the ground that, although a contract was made for a definite time, the number of teams was left uncertain.

It is unnecessary to pass upon the other assignments of error, as the questions presented seem not likely to arise again.

The judgment is reversed and the cause remanded for a new trial.