No. 19,256.

SUSANNA C. MOODY, *Appellee,* v. W. R. STUBBS et al.
(W, R. STUBBS and STELLA STUBBS, *Appellants;*
ROBERT K. MOODY, *Appellee).*

### SYLLABUS BY THE COURT.

1. DEED—*Security for Debt—Wife Signs as Surety—Extension
of Payment Without Wife's Knowledge—Lien Not Released.*
Where a husband and wife execute a deed upon property
owned by her and she entrusts it to her husband to be delivered
as security for a note executed by him to the grantee, and the
husband without her knowledge delivers it under an arrange-
ment made by him with the grantee that the note is to be
renewed from time to time, extensions of the time of pay-
ment of the debt, made in pursuance of such arrangement,
but without the knowledge of the wife, do not effect the release
of her property.

2. SAME—In such case the lien upon the property continues as
security for each new note, notwithstanding that in each in-
stance the old note is surrendered, and that the new notes are
made to a transferee of the original note.

Appeal from Douglas district court; CHARLES A.
SMART, judge. Opinion filed February 6, 1915. Re-
versed.

*S. D. Bishop,* of Lawrence, *L. W. Keplinger,* and
*C. W. Trickett,* both of Kansas City, for the appellants.

*M. A. Gorrill,* and *W. B. Brownell,* both of Lawrence,
for the appellees.

The opinion of the court was delivered by

MASON, J.: In January, 1906, W. R. Stubbs lent
$3800 to R. K. Moody, taking his note, due in six
months, and bearing interest at six per cent, secured
by a deed executed by Moody and his wife upon real
estate owned by her and occupied as the family home-
stead. In August, 1910, Mrs. Moody brought an action
to quiet her title to the property, on the ground that she
stood in the attitude of a surety and that the lien had

been released by the extension of the time of payment without her consent.   She recovered a judgment, and the defendant appeals.

The question presented is whether the facts as found by the court require a judgment for the plaintiff or for the defendant.   The note was several times renewed, and each renewal note contained a provision that after maturity it was to draw interest at ten per cent.   There was therefore a valid extension of the time of payment, founded upon a sufficient consideration.   This was without the knowledge of Mrs. Moody, who occupied the position of a surety, and therefore resulted in the release of her property, unless for some special reason to the contrary.   (*Hubbard v. Ogden*, 22 Kan. 363; Note, 12 Ann. Cas. 550, 551; 32 Cyc. 195.)   The defendant, however, maintains that the subsequent renewals did not discharge the lien, because they were made in pursuance of an agreement entered into between him and Moody at the time the note was given— an agreement which was binding upon Mrs. Moody, although she had no knowledge of it, because it was made in her behalf by her husband, whom she had clothed with apparent authority to arrange the terms upon which the deed should be used to secure her husband's indebtedness.   We regard this contention as well founded, and this view requires a judgment upholding the lien.

The original note was given for money lent by Stubbs to Moody to enable him to pay his contribution to a business venture which they were entering upon together for the construction of a part of a railroad on contract. "It was understood and agreed that Moody was not likely to be able to repay the $3800 until the contract was completed, and that it would be necessary for Stubbs to carry such indebtedness, or a substantial portion of it, to the end of the contract."   "It was agreed between Stubbs and Moody that Moody should execute to Stubbs his note for $3800, due six months after date,

bearing six per cent interest, with the understanding that it should be renewed from time to time until the railroad contract was completed." Stubbs testified that the security was taken in the form of a deed because it was thought a mortgage would necessarily involve changes in renewals of the note. He dealt entirely with Moody in the matter. Whatever may have been the understanding between Mrs. Moody and her husband as to the precise terms under which the deed to her property was to be used as security for his debt, when she entrusted him with the fully executed deed, she voluntarily placed him as her agent in such a situation that Stubbs was justified in supposing that he was authorized to deliver it in pursuance of the understanding between himself and Moody, and this makes his action in the matter binding upon her. (*Townsend v. Railway Co.*, 88 Kan. 260, 128 Pac. 389.) This rule has often been applied where a blank deed has been filled up and delivered by the person in whose hands it is placed, in violation of his instructions. (*Guthrie v. Field*, 85 Kan. 58, 116 Pac. 217, annotated in 37 L. R. A., n. s., 326.) The reasoning seems even more persuasive where a completed instrument entrusted to an agent is delivered to the grantee upon different terms from those authorized by the principal. As the note was given in pursuance of an arrangement that the time of payment should be extended, an arrangement which upon the grounds indicated must be regarded as binding upon Mrs. Moody, although made without her knowledge, the extension of time in pursuance of that understanding did not release her property.

The note was dated January 11, 1906. On January 15 Moody delivered the deed to an agent of Stubbs, accompanied by a written request reading: "I leave for Omaha today and enclose deed for Mr. Stubbs. You write out something saying that this deed is to secure the payment of $3,800.00 note and when signed by Mr. Stubbs you can mail it to me." In accordance with this request a writing was prepared, dated January 20,

1906, which was signed by Moody and Stubbs, reading as follows:

"I have this day deposited with W. R. Stubbs, warranty deed to Lot Two hundred and eleven (211) on Tennessee Street in the City of Lawrence, valued at Fifty five Hundred Dollars ($5500.00).

"This property is to secure the payment to W. R. Stubbs of promissory note dated January 11th, 1906, due July 11th, 1906, for the sum of thirty-eight hundred dollars ($3800.00).

"When said note is paid W. R. Stubbs agrees to return said note for thirty-eight hundred dollars ($3800.00) and to redeed back to me said Lot Two Hundred and Eleven (211) on Tennessee Street in the City of Lawrence."

This is not inconsistent with the understanding that the note was to be extended. It is a mere memorandum evidencing that the deed, while absolute on its face, was intended as security. The statement that the property was to secure the note, and was to be reconveyed upon its payment, does not imply that the lien was designed to protect that particular instrument rather than the indebtedness which it evidenced. The mortgage—for that was what the transaction amounted to—secured the debt, no matter what form it might take, so that it could be identified. (27 Cyc. 1075.) The several renewals of the note did not constitute its payment (30 Cyc. 1195, 1271; Note, 35 L. R. A., n. s., 1), nowithstanding that as each note was given the old one was surrendered (Note, 35 L. R. A., n. s., 1, 99, bottom of first column and top of second). The original note was endorsed to a bank in which the payee was interested, as his contribution to a fund necessary to protect its credit, and the renewal notes were made to the bank, which transferred the last one to Stubbs. This transfer of title does not in any way affect the question of payment. (Same Note, p. 86.)

The judgment is reversed and the cause remanded with directions to award Stubbs a lien on the property (in addition to that already allowed on account of the

payment of taxes) for the amount of the loan and six per cent interest.

DAWSON, J. (concurring specially) : The conclusion reached is satisfactory to me, although I arrive at it by a somewhat different course of reasoning. Long ago, courts of equity began interfering with the plain terms of conveyances, holding that notwithstanding their unqualified recitals conveying a fee-simple estate such conveyances should be treated as mortgages if the parties so intended, or if equity and good conscience so required. The necessary counterpart of that doctrine is that such a deed can only be treated as a mortgage when in equity and good conscience the grantee is fully protected and his claim satisfied.