No. 21,813.

MOLLIE BROWN, as Administratrix, etc., *Appellee*, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellant.*

### SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Boy Drowned—Boy Employed by Foreman.* The evidence is held to warrant a finding that a boy, who was drowned while assisting a party of railroad employees in clearing the driftwood away from a well built of masonry resting on the bed of a river, had been employed by the foreman to render such service.

2. SAME—*Rule of Railway Company against Employing Minors—Minor Entitled to Care and Protection.* Notwithstanding a rule of a railway company forbidding the employment of minors without the written consent of their parents or guardians, a minor who, without notice of such rule, performs services for the company at the instance of the person authorized to employ workmen for that purpose. is entitled, while so engaged, to the care and protection ordinarily due from an employer to an employee.

3. SAME—*Evidence Warranted a Finding of Negligence.* The evidence and findings are held to have warranted holding the defendant liable for the drowning of the plaintiff's son, on the theory that its foreman was negligent in not warning him of the danger he incurred in doing the work assigned him.

4. SAME—*Objections to Instruction Not Well Taken.* Objections held not to be well taken to an instruction to the effect that even if it afterwards turned out that the boy would have been saved if he had remained in the boat, but had jumped out of it at a time when it reasonably appeared to him that it was more dangerous to stay with it than to leave it, this would not relieve the defendant of liability.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed April 12, 1919. Affirmed.

*William R. Smith, Owen J. Wood,* and *Alfred A. Scott,* all of Topeka, for the appellant.

*W. L. Cunningham,* of Arkansas City, for the appellee.

The opinion of the court was delivered by

MASON, J.: The Santa Fe Railway Company, in connection with its water service. constructed a well of masonry on a frame foundation resting on the bed of the Walnut river. The well was twelve feet in diameter and twenty-five feet high, and

was some fifteen feet from the west bank when the river was low. High water had resulted in the cutting away of the bank so that this distance was increased to about twenty feet, or, according to one witness, to fifty or sixty feet. The water around the well was some twenty feet deep, the current being very rapid. Willie Brown, seventeen years of age, was drowned while assisting a party of employees of the railway company who were removing the driftwood that had accumulated against the well. His mother, as administratrix, recovered a judgment against the company, and it appeals.

1. The defendant asserts that the boy was not an employee of the company, but a mere volunteer, and that there was no evidence to the contrary. One witness testified to this: During the forenoon of the day of the drowning the foreman in charge of the work said they would have to have a boat in order to get the drift away. The witness told him that Willie Brown had a boat, and suggested that he get him. He then saw Willie and told him there was a chance to get a job, advising him to see the foreman. Afterwards he saw the boy talking with the foreman, but could not hear what was said. Another witness gave testimony to this effect: In the afternoon of the same day the boy was at work with the railroad men. He would take the end of a rope from the west shore and give it to a man on the well, who would fasten it to a part of the drift, which would then be pulled away, this operation being repeated several times. Finally, the foreman told the boy to go to the well and get the workman who was there, saying that they would then quit. The boy undertook to do so, but the well fell over just as he was reaching it, and the workman jumped into the boat, which was drawn into the vortex and half filled with water. The man and the boy jumped out, or were thrown out, and the boy was drowned. Some of this testimony was contradicted, but its credibility was for the jury, and it warranted the inference that the foreman had engaged the services of the boy.

2. The foreman testified that he had been in the water service of the company for twenty-five years; that he had jurisdiction of that service from Arkansas City to Purcell and Shawnee—about 800 miles; and that he hired and discharged the men under him, but that a rule of the company forbade the

employment of minors without the written consent of their parents or guardians. The point is made in behalf of the company that even if the foreman did undertake to employ Willie Brown his act was not binding on the company, because of this rule. If the point were otherwise good, it might be met by the suggestion that the employment of the boy was within the apparent scope of the foreman's authority (*Townsend v. Railway Co.*, 88 Kan. 260, 128 Pac. 389; 2 C. J. 567, 568; 21 R. C. L. 856), or that the foreman was authorized to employ the boy at once, notwithstanding his minority, by reason of the emergency by which he was confronted. (2 C. J. 659.) However, we deem it unnecessary to invoke either of the principles referred to. The rule of the company that when a minor is employed the written consent of the parents shall be required does not, in our judgment, prevent the relation of employer and employee being established between the company and a minor without such consent, so far, at least, as to render the company liable for an injury received by him while working for it, caused by its failure to take such precautions for his protection as it owes to employees generally. The fact that a minor or a person below a specified age is employed in violation of a statute on the subject, not only does not relieve the employer of the duty of exercising reasonable care in his behalf (Note, 48 L. R. A., n. s., 676), but constitutes, in itself, such negligence as to make the employer liable for an injury to which his lack of maturity contributed. (*Casteel v. Brick Co.*, 83 Kan. 533, 112 Pac. 145; 18 R. C. L. 552-554.) A minor employed as a brakeman, contrary to a rule of the company making twenty-one years the minimum age for that position, has been held to be entitled to the same care at the hands of the employer as any other employee. (*Lupher v. Railway Co.*, 81 Kan. 585, 106 Pac. 284.) There the brakeman had obtained the employment by professing to be of full age, a fact which obviously did not better his position, and the doubtful question on which the case turned was whether or not he had thereby lost his right to the protection due an ordinary employee. The rule that a minor shall not be employed in the service of the company without the written consent of his parents or guardian, seems rather a direction to employing agents as to methods than a limitation upon their authority. But however

that may be, we hold that a minor who, without notice of such a rule, performs services for the company at the instance of the person authorized to employ workmen for that purpose, is, while so engaged, entitled to the care and protection ordinarily due from an employer to an employee.

3. A reversal is also asked on the ground that no negligence on the part of the defendant was shown. The jury were asked what acts or omissions of the defendant caused the death of the deceased, and replied: "Negligence on part of defendant to provide necessary means for escape." The contention is made that this finding excludes all other forms of negligence. It is to be interpreted, however, in the light of the three preceding findings, which were to the effect that the deceased had not been warned that the place where the men were working was dangerous; that he did not have as good an opportunity as the defendant to know the danger of his boat being drawn into the vortex if the well should fall; and that the defendant had a greater opportunity to know such fact by reason of former experience. These three findings show clearly that the jury were of the opinion that the defendant ought to have warned the boy of the dangerous character of the work he was doing. Therefore, this form of negligence was not cut off by their failure to include an express reference to it in their answer to the next question. (*Springer v. Railroad Co.*, 95 Kan. 408, 148 Pac. 611.) The well was leaning upstream while the work was being done. This appears to have been due to the action of the current in undermining its foundation. Obviously it was supported by the pressure of the water against the drift wood, and when this was removed it fell against the current, which was not strong enough to hold it up without the purchase afforded by the accumulated débris. The situation was such that it could reasonably be believed that persons used to such work ought to have anticipated the result which followed, while an inexperienced boy could not have been expected to foresee it. The foreman testified, in effect, that one reason why the man left on the well was chosen for that purpose was that he could swim and could take care of himself if anything happened; that he knew the boy was too young to be employed in dangerous work; that he knew this work was very dangerous, and would n't employ a minor to do it; and that he was

afraid the well would fall over. There was clearly room for a reasonable conclusion that if the boy had been warned of the likelihood of the well falling, and of the probable effect of its fall, he might have proceeded with more caution and saved himself. This is perhaps what the jury had in mind in saying that the company neglected to provide necessary means for escape. At all events, we consider the evidence as justifying the verdict against the defendant on the ground of negligence in failing to warn the boy of the danger he was incurring.

4. Complaint is made of the wording of an instruction to the effect that even if it afterwards turned out that the boy would have been saved if he had remained in the boat, but had jumped out of it at a time when it reasonably appeared to him that it was more dangerous to stay with it than to leave it, this would not relieve the defendant of liability. We do not regard it as open to the objections made.

The judgment is affirmed.