No. 22,537.

FAIRBANKS, MORSE & COMPANY, *Appellant*, v. ROY W. INGLITT and the CITY OF SYRACUSE (H. P. JONES, Interpleader, *Appellee*).

SYLLABUS BY THE COURT.

1. ATTACHMENT—*Dissolution of Attachment on Motion of Interpleader—Method of Procedure Not Prejudicial*. No trial error occurred in determining the propriety of dissolving an attachment on an interpleader's motion to dissolve rather than on the issues raised by the interpleader's answer, especially when the parties were permitted to introduce all the material evidence available which would have been pertinent either on the motion or the answer and where there was no request that the controverted facts should be submitted to a jury.

2. SAME—*Pleadings Not Misleading*. An insufficiency of pleadings which did not mislead the opposing litigant and was not formally objected to in the trial court, furnishes no basis for a claim of error on appeal.

3. SAME—*Attachment Reaches Only Debtor's Property*. Rule followed that an attachment only seizes the property of the debtor, not that which the latter has theretofore lawfully transferred to another person.

4. SAME—*No Reversible Error in Record*. Minor matters presented by the record examined, and no reversible error discerned therein.

Appeal from Hamilton district court; CHARLES E. VANCE, judge. Opinion filed March 6, 1920. Affirmed.

*George Getty*, of Syracuse, and *William C. Forsee*, of Kansas City, Mo., for the appellant.

*H. P. Jones*, of Syracuse, interpleader, *pro se*.

The opinion of the court was delivered by

DAWSON, J.: The plaintiffs sold and shipped for delivery to the city of Syracuse two electrical transformers. The defendant, Roy W. Inglitt, who was then the superintendent of the city's lighting system, had ordered the transformers without authority, and he received them from the railway carrier and unlawfully converted and sold them and pocketed the proceeds.

About the same time the city discovered that the defendant was short in his official accounts, and required him to make arrangements to settle. On November 5, 1918, he gave the city a warranty deed to a house and some lots, with the understanding that when he paid his defalcation to the city the property should be reconveyed to him. Inglitt's deed to the city was recorded on December 5, 1918. Early in 1919, the defendant paid the city in full; and on January 17, 1919, the city executed a reconveyance of the property to Inglitt; but ere then he had left the state, and the deed from the city to him was not recorded until June 10, 1919.

On March 24, 1919, the plaintiff filed suit to recover the value of the transformers, and attached the house and lots as the property of Inglitt. However, ere then, a quitclaim deed from Inglitt to his attorney, H. P. Jones, dated November 4, 1918—the day before Inglitt's warranty deed to the city was executed—was filed for record, March 5, 1919.

In plaintiff's reply to the answer of the interpleader it was alleged that on March 25, 1919, a warranty deed from H. P. Jones and wife, conveying the property to one William C. McNitt, was filed for record in the office of the register of deeds; but plaintiff also alleged in that connection that Jones could not rightfully convey the property to McNitt.

On March 24, 1919, the same day the property was attached by plaintiff, Jones was allowed to interplead, and he answered alleging that "on the seventh day of March [no year stated], and for many days prior thereto, he was the owner by title in fee simple" of the disputed property. He also alleged,

rather loosely, that he was in lawful possession of the property, and that when the property was attached by plaintiff, it knew "full well that said interpleader was the owner of said property." Jones also filed a motion to dissolve the attachment, alleging—

"That the property attached and held by the sheriff is the property of this affiant, bought for a valuable consideration, and that said property should be released."

The parties submitted their evidence, and the attachment was dissolved. Plaintiff appeals.

The principal errors assigned will be noted. It does not appear that any prejudice to plaintiff occurred in the trial court's disposition of this case on the motion to dissolve the attachment rather than upon the issues made by the Jones' interplea. The issues were substantially the same on the motion as they were on the interplea. The parties adduced all the material evidence available. There is no complaint that any evidence was excluded. It was not suggested in the trial court that a jury should be called to determine the issues of fact. While the affidavit of the mayor might not have been competent unless filed and served in compliance with the civil code if the cause was tried on the interplea (*Business Blocks Co. v. Gregory*, 102 Kan. 33, 169 Pac. 191), yet here the mayor was also called as a witness and testified personally for the plaintiff, and his affidavit was but a summary of his oral testimony.

It is true that the pleadings of Jones, the interpleader, were loosely drawn. But there was no motion to make them more specific, and the record does not show that they were subjected to any formal objection in the trial court. It is, therefore, too late to raise such objection now. (*Moore v. Wade*, 8 Kan. 380, syl. ¶ 4; *Wilson v. Fuller*, 9 Kan. 176, syl. ¶ 9; *Nicklisson v. Holman*, 17 Kan. 22; *Byington v. Comm'rs of Saline Co.*, 37 Kan. 654, 16 Pac. 105; *Board of Education v. Jacobus*, 83 Kan. 778, syl. ¶ 2, 112 Pac. 612.)

Coming, then, to the appellant's main contentions, that the demurrer to the interpleader's evidence should have been sustained and that the evidence showed that the property belonged to Inglitt at the time it was attached, it would seem that the appellant is somewhat confused in its effort to apply the general rule that an after-acquired title by a grantor does

not inure to the benefit of his former grantee under a quit-claim deed. That is a sound and rational rule, but it has no relation to the present case. The city could have invoked that rule. A later grantee of Inglitt, after the reconveyance by the city to Inglitt, could invoke that rule. Such a grantee could also invoke the rule which protects junior grantees against senior grantees who withhold their deeds from record and as to whom no notice of possession is disclosed. Inglitt's deed to Jones dated November 4, 1918, was perfectly good as between themselves. It was not good as against the city's deed of November 5, 1918, since the city had no notice. It would not be good as against a later grantee of Inglitt, who should take without notice, after the city reconveyed to Inglitt.

But attachments and garnishments proceed on a radically different theory. They only seize the property of the debtor, and never reach property which the debtor, in good faith, has transferred or pledged to another. (*Eggers v. Ross,* 103 Kan. 812, 176 Pac. 655, and citations.) To successfully maintain its attachment of March 24, 1919, it would have been necessary for appellant to show that the quitclaim deed of Inglitt to Jones, dated November 4, 1918, and recorded March 5, 1919, was fraudulent or otherwise a nullity. Appellant attempted to do this. Indeed, if the scant evidence to that effect had convinced the trial court, this court would have sustained its finding and judgment thereon. (*Perkins v. Accident Association,* 96 Kan. 553, 555, 152 Pac. 786.)

The deed to the city was in effect a mortgage (*Moody v. Stubbs,* 94 Kan. 250, 146 Pac. 346), and while the latter, during its existence, did displace Jones' unrecorded, earlier, quit-claim deed, it did not wholly vitiate it; and upon the satisfaction of Inglitt's obligation to the city and the city's reconveyance to Inglitt, Jones' deed became once more the paramount title to the property; and, as if to prevent its subsequent displacement again by any claim by anybody against Inglitt, he, on March 5, 1919, recorded his deed of November 4.

There was an allegation in plaintiff's reply that Jones had conveyed his title to William McNitt. The abstract does not show how that matter was disposed of in the trial court. However, plaintiff's right to attach the property was dependent upon the question whether Inglitt owned it on the date of the

attachment, March 24, 1919. It is clear that Inglitt did not then own the . property. And since the appellant has not brought up such part of the record as would show how the deed to McNitt was disposed of, we must assume that that minor matter was either abandoned or correctly determined by the trial court.

The appellant has failed to establish some plain, palpable error which would permit this court to disturb the judgment, and we can discern none.

The judgment is therefore affirmed.