No. 22,975.

THE SATANTA STATE BANK, *Appellant,* V. J. M. MCNABNEY
(G. E. RINEHART, Interpleader, *Appellee*).

SYLLABUS BY THE COURT.

1. GARNISHMENT—*Earnings of a Threshing Outfit—Threshing Outfit
   Taken Over by Employee—Earnings Not Garnishable as Property of
   Owner of Threshing Outfit.* A thresherman who had fallen behind in
   the payment of wages to his threshing crew made an arrangement
   with one Rinehart, a member of the crew, to take over the threshing
   outfit for a time for the purpose of earning money with it to pay him-
   self and his coemployees their wages due and to become due. The
   owner temporarily retired from its operation and control. Pursuant
   to this arrangement Rinehart and the other employees did some
   threshing for several farmers, and the plaintiff, another creditor of
   the thresherman, garnished the accounts for threshing done for them.
   *Held,* that the accounts thus earned by Rinehart and the threshing
   crew could not be garnished to pay the plaintiff's claim against the
   owner of the threshing machine.

2. SAME—*No Error in Record.* Other errors assigned on demurrer to
   interplea, insufficiency of evidence, instructions given, and other minor
   matters examined, and not sustained.

Appeal from Seward district court; CHARLES E. VANCE,
judge. Opinion filed May 7, 1921. Affirmed.

*G. L. Light,* of Liberal, for the appellant.

*V. H. Grinstead,* and *M. F. Cosgrove,* both of Liberal, for the
appellee.

The opinion of the court was delivered by

DAWSON, J.: This appeal is from a decision in garnishment
proceedings where the plaintiff was defeated.

The plaintiff held some past-due notes of one McNabney, a
thresherman in Seward county. In the autumn of 1919 Mc-
Nabney operated a threshing machine and employed a crew
of men and women, and did considerable threshing in the
counties of Haskell, Seward and thereabout. He fell behind in
the payment of wages to his employees to the extent of several
hundred dollars. One of his employees, G. E. Rinehart, seems
to have been a man of some capacity; and in an attempt to
provide a method of paying the employees, McNabney made

an agreement with Rinehart whereby the latter was to take possession of the threshing outfit for a time and operate it on his own responsibility in order to earn money to pay the employees their wages due and to become due. The employees were not all informed of this arrangement at its inception, but eventually they learned of it. Accordingly Rinehart took charge of the threshing outfit, and did some threshing. McNabney, the plaintiff's debtor and owner of the machine, went away on a vacation. Some time later, after Rinehart had threshed for certain farmers, Ernest Dyerly and F. C. Hase, and others, and before these had paid Rinehart, the plaintiff garnished the sums due for their threshing as accounts owed to McNabney.

Rinehart interpleaded, setting up the foregoing facts; and judgment was given in his favor.

Plaintiff appeals, assigning various errors; but the principal point urged is that there was no formal assignment by McNabney for the benefit of creditors as provided by chapter 7 of the General Statutes of 1915. Very true, but the contract between McNabney and Rinehart did not purport to be such an assignment. It was simply an agreement that Rinehart should conduct and operate the threshing outfit for a time and strive to earn some money with it to pay himself and his coemployees. There was nothing unlawful about such an arrangement. There was nothing in the contract to which the plaintiff could object, unless it was to the temporary surrender of the possession of the threshing equipment to Rinehart. Plaintiff certainly had no claim to the money earned by Rinehart and the threshing crew under this arrangement. It is fundamental that a garnisheeing creditor can seize nothing except what belongs to his debtor. (*Fairbanks, Morse & Co. v. Inglitt*, 106 Kan. 488, 491, 188 Pac. 248.) The accounts of the farmers, Dyerly and Hase, were not the property of McNabney; consequently plaintiff as creditor of McNabney had no right to them.

In *Hall v. Terra Cotta Co.*, 97 Kan. 103, 154 Pac. 210, a debtor assigned to a bank certain contracts for work to be performed and materials to be furnished by the debtor for various third parties. Another creditor sought to garnishee moneys due the debtor from one of these third parties. It was

Bank v. McNabney.

held that garnishment would not lie, and that there was a valid assignment to the bank "of a sum or sums of money due and to become due"; and that "there was nothing about the transaction which was unusual or against public policy." (p. 109.)

With this principal point disposed of, we will next examine the plaintiff's assignment of errors in detail. Plaintiff's demurrer to Rinehart's interplea was properly overruled, because the material facts were sufficiently pleaded, and because the facts, so pleaded, were sufficient as against a demurrer.

The next error assigned relates to the insufficiency of the interpleader's evidence. Plaintiff says "there was no definite deal made as alleged in the interplea." The abstract and counter-abstract both disclose beyond cavil that McNabney and Rinehart made such a contract, and no purpose would be served by reproducing the evidence. But it is urged that such agreement would not bind the plaintiff. That argument is pointless. The contract did not attempt to bind the plaintiff, nor to bind anybody except the parties and such of McNabney's other employees as cared to acquiesce in it. Neither is there merit in plaintiff's objections to the evidence of the conversations between the interpleader and the other employees "in the absence of plaintiff." The presence or absence of plaintiff was of no consequence. However informal the bargain between McNabney and Rinehart, or between Rinehart and his coemployees, the assent or objection of plaintiff thereto would not have affected it in the slightest degree.

Plaintiff also objects to the instructions to the jury, but this seems to be based on his erroneous view of the law. The jury was instructed that if the threshing was done for Dyerly and Hase by the interpleader under his arrangement with McNabney, the plaintiff had no lawful claim on the accounts due from those farmers; and if not, the plaintiff was entitled thereto. This ruling was correct.

The objection that the verdict was "not sustained by any evidence" is not well taken; nor does the record justify plaintiff's contention that the jury rendered it "under passion and prejudice."

The judgment is affirmed.