No. 33,290

E. C. Schmidt, *Appellant*, v. J. D. Sullivan, The Producers Agri-
cultural Credit Corporation and W. C. Graves, *Appellees*.

(66 P. 2d 548)

Opinion filed
April 10, 1937.

*Guy Neal, E. C. Wilcox, J. Howard Wilcox* and *Myrtle Youngberg,* all of
Anthony, for the appellant.

*Donald Muir,* of Anthony, for the appellees.

The opinion of the court was delivered by

Dawson, C. J.: This is an appeal from a judgment in garnish-
ment proceedings. From the record, which is lacking in a number
of details that would have been helpful in this review, it appears
that some years ago the defendant J. D. Sullivan was indebted to
the Producers Agricultural Credit Corporation in the sum of $1,190,
which was secured by a chattel mortgage. This creditor made de-
mand on Sullivan for additional security. Sullivan had a son,
Muret Sullivan, a single man, who had considerable chattel prop-
erty; and he consented that his father might add this (the son's)
property to the mortgage as additional security. The Producers
company understood the arrangement and, of course, acquiesced in
it, and so the father executed a renewal chattel mortgage and in-
serted therein his son's chattels as if they were his own. During the
existence of this mortgage, in March, 1935, the father listed the son's
property for taxation as his own, and the son made a "no property
statement" to the tax assessor for that year.

Some time later, on July 30, 1935, J. D. Sullivan and Muret
Sullivan and one or more other persons held a farm sale at which
the mortgaged property, livestock and other farm chattels, were
sold. The defendant Graves was clerk and cashier of the sale. On

the same date this plaintiff filed suit against J. D. Sullivan to recover on a promissory note for $552.99. Garnishment summons was served the same day on Graves and the Producers Agricultural Credit Corporation.

On August 16 the garnishees answered that they had in their possession $13.73 of the moneys of J. D. Sullivan. They also answered that they had possession of a harvester belonging to J. D. Sullivan on which the Producers company held a mortgage for $227.10, with interest. They further answered that they had no other property of Sullivan's in their possession and that they owed him nothing.

Plaintiff Schmidt did not take issue on the garnishees' answer within the 20 days allowed by the statute (G. S. 1935, 60-948), but later, on October 7, he filed a motion for additional time to take issue thereon; and on October 16 this motion was sustained. Whether this ruling would be sufficient to vitiate the language of the statute which makes the garnishees' answer conclusive of its truth when no issue is raised thereon in 20 days, we need not now determine, since appellees make no complaint thereon.

On the belated joinder of issue the facts were developed as above set forth. The trial court's findings of fact and conclusions of law were in favor of defendants, and judgment was entered accordingly.

Plaintiff assigns error, contending that the garnishees did not make a full disclosure of all the moneys in their hands belonging to J. D. Sullivan, and in consequence they had no right to set up a claim in behalf of Muret Sullivan to a share of the proceeds of the sale of the chattels. We cannot agree that the garnishees failed to make a full disclosure of all the money and property of J. D. Sullivan in their hands. The evidence was sufficient to justify the trial court's finding on this point, which, in part, reads:

". . . there is but little question but that the defendant, J. D. Sullivan, was not the owner of the property the proceeds of which are in controversy, but that the same belonged exclusively to Muret Sullivan. . . ."

The fact that Muret Sullivan permitted his father to mortgage his property did not make the father the owner of that property, although if any controversy between Muret and the father's creditor-mortgagee had arisen the son would have been bound by his assent to the arrangement. Muret Sullivan was not bound by that assent in any controversy with this plaintiff or his father's other creditors. And, so far as concerns his failure to list his property

for taxation in 1935 during the period he had.permitted his father to mortgage it, the full development of the facts in this case cleared up that matter. So long as the property was listed for taxation it is not apparent how any public or private right was prejudiced.

The controlling rule of law which governs this case is one to which the appellant makes no reference. It is to this effect: In all proceedings *in invitum,* such as attachment or garnishment, it is only the actual money or property of the debtor which can be subjected to the satisfaction of the creditor's claims. It does not reach what is not actually the property of the debtor. In *Hall v. Terra Cotta Co.,* 97 Kan. 103, 105, 154 Pac. 210, it was said:

"The general rule is that garnishment, like other proceedings *in invitum,* only affects the actual property, money, credits and effects of the debtor in the hands of the garnishee. . . . (Citations.)"

To the same effect were *Bank v. Schuetz,* 103 Kan. 229, 173 Pac. 278; *Fairbanks, Morse & Co. v. Inglitt,* 106 Kan. 488, 491, 188 Pac. 248; *Bank v. McNabney,* 109 Kan. 69, 197 Pac. 879; *Turner v. Williams,* 114 Kan. 769, 772, 221 Pac. 267; *Dannenberg v. Teeters,* 126 Kan. 28, 266 Pac. 744.

There is no error in the record and the judgment is affirmed.