H. J. Allen v. J. R. Burrow.
No. 14,011.   (77 Pac. 1133.)

Original proceeding in mandamus.   Opinion filed July 7, 1904.   Writ denied.

*W. S. Jenks, O. L. Miller, A. L. Berger, W. D. Wood,* and *D. R. Hite.* for plaintiff.

*H. G. Larimer, F. R. Ogg, G. J. Barker, C. W. Trickett,* and *C. C. Coleman,* attorney-general, for defendant.

*Per Curiam :* It has heretofore been determined that the alternative writ of mandamus issued in this proceeding stated no ground for relief, except in virtue of its allegations of fraudulent conduct on the part of the members of the contest board.   A hearing was, therefore, ordered upon that issue alone, upon which the case is now submitted.

No evidence whatever has been produced tending to impugn the motives of such officers, or to impeach the good faith of their action.   The real contention of plaintiff, as developed at the argument, is not that there was actual fraud on the part of the secretary of state and attorney-general, but that they acted under a wrong conception of the law as to the scope of their investigation and as to the character of evidence by which they should be influenced. It is argued that their refusal to pursue certain lines of investigation and to consider certain classes of testimony deprived plaintiff of any real opportunity to be heard upon the substantial matters in controversy, and constituted, or was evidence of, arbitrary and capricious conduct, amounting to legal or constructive fraud.   But the specifications by which these broad charges are sought to be supported show that the real complaint is merely that the majority of the board took a radically different view of the law from that contended for by counsel for plaintiff—a view which, whether or not it was technically correct, was reasonably conceived and consistently followed.   A case might be presented in which the departure from an orderly procedure was so great, and the disregard of the rights of a party so flagrant, that a court would be justified in ignoring the conclusion reached, but that situation does not arise here. The rulings complained of are of a debatable character, to pass upon the correctness of which would be to assume the functions of a reviewing court.   This we cannot do.

The writ is, therefore, denied.