'THE BOARD OF EDUCATION OF THE CITY OF OTTAWA,
  *Appellee,* v. CHARLES A. D. JACOBUS, *as County
  Superintendent of Public Instruction, etc., Appellant.*
                    No. 16,832.

### SYLLABUS BY THE COURT.

1. BOARD OF EDUCATION—*Annexation to City of "Adjacent" Territory for School Purposes.* Under section 7594 of the General Statutes of 1909, authorizing boards of education of cities of the second class to attach adjacent territory to the city for school purposes, the word "adjacent" means lying near; and territory which does not touch the city limits but which does adjoin the city school district, and is so close to the city that pupils residing thereon can conveniently attend the city schools, may be attached if the board deems the annexation to be for the best interests of the schools of the city and of the residents of the territory seeking to be attached.

2. PRACTICE, SUPREME COURT—*Matters Not Submitted to Trial Court.* Only such questions as have been presented in the trial court are open for review in the supreme court.

Appeal from Franklin district court. Opinion filed January 7, 1911. Affirmed.

*F. M. Harris,* for the appellant.
*F. A. Waddle,* for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This appeal involves the right and power of the board of education of a city of the second class to attach territory to the city for school purposes which adjoins the city school district but does not adjoin the corporate limits of the city. It appears that some time ago territory adjoining the city was attached to, and made a part of, the city school district, and when the board of education undertook to attach a small tract of territory lying alongside of that previously annexed the question of the power of the board

was raised. This tract, which adjoined the school district, was only one-fourth of a mile from the city limits, and the trial court made a finding that "the distance from the city is such that pupils of school age residing thereon can easily reach and conveniently attend the public schools in said city." The statute authorizing the annexation provides that "territory outside the city limits, but adjacent thereto, may be attached to such city for school purposes, upon application to the board of education of such city by a majority of the electors of such adjacent territory," etc. (Laws 1903, ch. 324, § 1, Gen. Stat. 1909, § 7594.)

What does the word "adjacent" mean, as used in this statute? In the case of *The State, ex rel., v. Kansas City*, 50 Kan. 508, a statute authorizing the consolidation of adjacent cities was under consideration, and it was held that it was not essential that the cities proposed to be united should adjoin each other, but that "it is enough if they were 'adjacent'; and that term has been defined as lying near to, but not actually touching. Webster's Unabridged Dictionary." (p. 522.) In volume 1 of the Cyclopedia of Law and Procedure, at page 764, the term is defined as "lying close or near to; neighboring." In volume 1 of the American and English Encyclopædia of Law, at page 633, it is said that "adjacent has been defined as lying near to but not actually touching, in the vicinity or neighborhood of. The term, however, is sometimes used as synonymous with 'adjoining.'" In an act of congress giving railroad companies a right of way through public lands it was provided that they might take timber, stone and other building material from lands adjacent to their line of road, and the supreme court of the United States held that it should be treated as land lying close at hand, but that it need not be adjoining or actually contiguous, and the interpretation of the act by the secretary of the interior to the effect that material might be taken from the tier of sections through which the right of way ex-

tends and also that it might be taken from an additional tier of sections on either side was approved. It was said:

"If the word 'adjoining' had been used instead of 'adjacent,' those sections touching the line of the road could be regarded as the adjoining lands, and when the word 'adjacent' instead of 'adjoining' is used, it might, not unnaturally, be said to include the next tier of sections away from the line of the road." (*United States v. St. Anthony R. R. Co.*, 192 U. S. 524, 538.)

In *C. & N. W. Ry. Co. v. Mechanics' Inst.*, 239 Ill. 197, the supreme court of Illinois held that in a provision giving a railway company power to condemn adjacent land for the enlargement of terminal facilities the word "adjacent" should be construed to mean lying near—neighboring but not necessarily in contact. In *Camp Hill Borough*, 142 Pa. St. 511, there was an interpretation of a statute which provided that adjacent lands might be annexed to a borough, and it was held that the word "adjacent" was used in the sense of adjoining or contiguous. It was also held, however, that a number of contiguous properties might be annexed in a proceeding though some of them did not adjoin the borough. The term has been variously defined by the courts, some of which have held it to be synonymous with adjoining, abutting, contiguous, bordering, neighboring, and close, the meaning being determinable principally by the context in which it is used and the facts of each particular case. (1 Words & Ph. Jud. Def. p. 184.) It has no arbitrary definition, but its meaning depends largely upon the subject matter to which it is to be applied and the object which the legislature is seeking to carry out. The manifest purpose of the legislature in providing for the annexation of outside territory was that those living beyond the city limits, but sufficiently near to avail themselves of the privileges of the city schools, might, by paying their proportion of the city taxes, have the benefit of the city

Board of Education v. Jacobus.

schools. Upon a majority petition of the electors so situated the board of education is given authority to annex territory to the district. It is adjacency instead of contiguity or actual contact which constitutes the test or determines the right to annexation. It is not nearness alone, but it is in part whether those outside can conveniently attend the schools. That the term was not treated as synonymous with adjoining and contiguous is suggested by the use of the word "contiguous" in the latter part of the act, where it provides that outside territory when annexed shall be attached to a contiguous ward for election purposes. If the territory proposed to be attached had been included with that first attached, no question could have arisen as to the power of the board to make it a part of the city district; and it is hard to see why territory which might have been brought into the district by a single annexation may not be incorporated in two annexations, when the conditions warranting it arise. In view of the provision that the added territory shall be attached to the contiguous ward, it is reasonably clear that the legislature intended that when the annexations are made the district shall be of compact territory, but that the board in its discretion may attach territory from time to time upon proper petition, where there are sufficient school facilities and where the territory upon which those applying to come in is adjacent—that is, sufficiently near to the schools so that those brought within the district may conveniently enjoy the benefits of the city schools.

It is suggested that the application for annexation was insufficient, but apparently that question was not raised nor decided in the district court. It is expressly found by that court to have been conceded that the only question for determination was whether upon a petition conforming in all respects with the requirements of the law the board of education had the power to make the territory in question a part of the district. Only such

questions as have been raised and decided in the trial court are open for review here. (*Byington v. Comm'rs of Saline Co.*, 37 Kan. 654.)

The question presented appears to have been correctly decided by the trial court, and its judgment is affirmed.