ADDIE DALLAS, *Appellee,* v. THE CITY OF CONCORDIA, *Appellant.*

No. 17,038.

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Unguarded Cellarway in Public Street.* A city which knowingly permits a deep cellarway to remain open and unguarded in a public alley, a few feet from a principal street, is responsible in damages to one who in the darkness of night and without negligence falls therein.

2. —— *Instructions Not Erroneous.* Where certain facts, if established, necessarily show negligence on the part of the defendant, it is not error for the court to instruct the jury that if they find such facts as alleged to be true that they should find for the plaintiff, unless the plaintiff is shown to have been guilty of contributory negligence, in which case the plaintiff can not recover.

Appeal from Cloud district court. Opinion filed May 6, 1911. Affirmed.

*Kennett & Gant,* and *Theodore Laing,* for the appellant.

*A. L. Wilmoth, F. W. Sturges,* and *Fred W. Sturges, jr.,* for the appellee.

The opinion of the court was delivered by

SMITH, J.: Concordia is a city of the second class, and the plaintiff is a resident thereof. She was trading on Washington street, in the town, with her daughter, and had some mishap by which her skirt was torn loose. She turned into an alley along a building fronting on the street. Along the side of the building a stairway had been erected in the alley. The stairway was boarded up for a distance and then left open and along the open space under the stairway, unprotected by any guard or railing, was a cellarway about four feet wide and eight feet deep. Desiring to be out of sight and away from the light to adjust her clothing, she claims she started to walk under the stairway and fell

into the cellarway, receiving the injuries sued for. After she fell she screamed and when assistance came they found her unconscious. She was taken to her home and a physician was summoned. She claims that she had never recovered entirely at the time of the trial; that prior to the accident she was a healthy, strong woman, but has since been nervous and weak and her health ruined. In her petition she alleges that she did not know of the cellarway, and stepped off into it in the dark without any fault on her part; that the defendant city, through its officers, knew of the unsafe condition and was guilty of negligence in permitting it to remain; that by the fall she was "greatly bruised, injured and wounded on her head, neck, shoulders, knees and other parts of her body to such an extent that she was rendered unconscious, and thereby and ever since she has been weak, sick, nervous and continually suffered great pain of body and anguish of mind, and compelled to lay out and expend large sums of money, to wit, more than $25 for medicine and medical attendance, and that said injuries are not only painful now, but, as she believes, permanent"; that she will be compelled to expend large additional sums of money to be cured and relieved thereof, and prayed damages in the sum of $3000. On the trial she recovered a verdict and judgment for $1000.

The first assignment of error by the defendant is the denying of its motion to have the petition made more definite and certain in that it should more definitely describe where on the head, neck, shoulders and knees the wounds are located, and definitely allege the nature of the wounds on, and pains in, other parts of the body.

The petition might be more definite, but from the evidence it appears that there were no bones broken nor any serious external wounds, but only a bruising of the parts described and a general shock to the system from the fall which it would be difficult to describe specifically or to locate definitely the pains which might

be caused by, but which generally would be expected from, such a fall. We think the defendant could not have been prejudiced by the want of more specific recitals. From the nature of the fall, which is not disputed by any evidence, it is not probable the plaintiff could allege every pain and suffering which the jar may have caused her.

After the denying of the motion to make the petition more definite and certain, the city answered, admitting its incorporation as a city of the second class and denying generally every other allegation of fact, and also alleged contributory negligence on the part of the plaintiff. The reply was a general denial.

The only other assignment of error argued in the defendant's brief is the giving of instruction 5 and two instructions, each numbered 6, which two latter are treated by the defendant as one instruction. They read:

"(5) If you find from the evidence that there was a cellarway or opening on the side of the building adjoining the alley and which opening was located in the alley, that said alley was a public alley opened and maintained by the city for the use of the public, that said cellarway had, at the time when the plaintiff claims to have fallen therein, no railing or other protection around it to keep travelers on the alley from falling in, and that the officials of the city whose duty it was to look after the streets and alleys knew of said condition, or that said condition had existed for a sufficient length of time so that by the use of reasonable care and diligence in the care of the said alley the officers of the city could have known such condition, that would constitute negligence on the part of the city for which it would be liable, and if the plaintiff while using said alley in the nighttime, and without any negligence on her part, fell therein and received injuries therefrom, the city is liable to the plaintiff for the amount she is damaged by reason of said injuries.

"(6) However, if the plaintiff was guilty of negligence in the manner in which she used the alley in question and her negligence directly contributed to the injuries which she received by falling into said excava-

Dallas v. Concordia.

tion, the law would not permit her to recover even though the negligence on the part of the city is established. In other words, she can not recover if the injury would not have occurred if she herself had used ordinary care and prudence; and it is for the jury to determine whether her use of the alley was with that amount of care and prudence which, under the circumstances and surroundings would have been used by a person exercising ordinary care and diligence. The plaintiff can only recover where the city by its negligence caused her injury, and where she herself was free from negligence which directly contributed thereto.

"(6)· A person is not confined to the walks when using the streets and alleys of a city as a pedestrian, but has a right to assume that all parts of the streets and alleys open for travel are reasonably safe, and if she did not know of the dangerous condition of the alley in question she had a right to use any portion of said alley that suited her convenience without having negligence imputed to her for so doing. In other words, the simple fact of having used the alley at the point where the excavation existed would not amount to negligence in itself, unless she at the time failed to use due care and prudence."

By the undisputed facts in this case this cellarway was only a few feet from the sidewalk on one of the principal streets of the city and was wholly within the limits of the alley. When a city permits another to dig a pitfall in an alley, where people in passing are liable to fall into it, and leaves it entirely unguarded, if anyone, without fault on his part, falls into it and is injured thereby, the city is responsible in damages. (*Smith v. City of Leavenworth*, 15 Kan. 81; *Jansen v. City of Atchison*, 16 Kan. 358; *Fletcher v. City of Ellsworth*, 53 Kan. 751; *Kansas City v. Orr*, 62 Kan. 61; 29 Cyc. 471.)

The question of fact upon which the negligence of the city depended was submitted in the fifth instruction to the jury, and in the sixth the question of the contributory negligence of the plaintiff. The jury were told that if the plaintiff was guilty of any negligence

which contributed to the injury, she could not recover. The verdict of the jury finding in her favor amounts to a finding that the city was negligent and that she was not guilty of any contributory negligence. It is proper for the court in its instructions to the jury to recite the facts which, if found, amount to negligence in a given case, which it did in this case, and it must be inferred that the jury found the essential facts which were requisite under the instructions to justify a verdict for the plaintiff. Her evidence as to the situation, depth and location of the cellarway is undisputed, and in such case the question of negligence may become a question of law. (*Railway Co. v. Clinkenbeard,* 77 Kan. 481, 484; *Johnson v. Railroad Co.,* 80 Kan. 456, 459.)

We find no error in the instructions. The evidence amply supports the verdict, except, perhaps, as to the amount, as to which unprejudiced minds might differ. At any rate, the verdict and judgment are not so excessive as to force the conclusion that the result was attained through prejudice or passion.

The judgment is affirmed.