No. 25,610.

THE FARMERS STATE BANK OF SPEED, *Appellee,* v. FRITZ BRENNEKE, *Appellant.*

SYLLABUS BY THE COURT.

APPEAL AND ERROR—*Decisions Reviewable—Presentation in Lower Court.* A matter which is only incidentally alleged in a pleading and is in the same manner established by evidence cannot be relied on for a reversal of the judgment unless that matter was called to the attention of the trial court in such a way as to show that it was one of the issues to be decided.

Appeal from Phillips district court; WILLARD SIMMONS, judge. Opinion on rehearing filed November 7, 1925. Former opinion adhered to. (For original opinion of affirmance, see 118 Kan. 251.)

*A. W. Relihan, T. D. Relihan, J. T. Reed,* all of Smith Center, and *W. A. Barron,* of Phillipsburg, for the appellant.

*W. E. Mahin,* of Norton, *H. McCaslin,* of Osborne, and *T. M. Sullivan,* of Logan, for the appellee.

OPINION ON REHEARING.

The opinion of the court was delivered by

MARSHALL, J.: The former opinion in this action is reported in 118 Kan. 251. A rehearing was granted and the cause has again been presented for review.

The application for a rehearing set out that the petition in the action alleged that the stock, for the purchase of which the notes sued on were given, was sold in violation of law, in that the stock was speculative in its nature and no permit to sell it had been granted by the charter board of the state of Kansas. The application further set out that the allegation was proved by the evidence, that it was ignored by the trial court, and that no mention of the matter was made in the opinion of this court. The defendant now strongly urges the illegality of the notes as ground for reversal of the judgment.

The plaintiff responds by contending that the matter was only incidentally, not adequately, alleged in the petition; was not one of the issues submitted to the jury; was not called to the attention of the trial court in such a way as to show that it was one of the

Appeal and Error, 3 C. J. § 623; 2 R. C. L. 69-74.

issues to be decided; and was not argued in this court on the former hearing.

An examination of the record discloses that the plaintiff is correct in its contention. Under the rule frequently declared by this court, a matter which has not been presented to the trial court cannot be here urged as a ground for reversal. In *K. P. Rly. Co. v. Mihlman,* 17 Kan. 224, the following language was used:

"As a general rule the supreme court will notice no question not distinctly raised in the trial courts and presented first to such courts for their decision." (Syl. ¶ 6. See, also, *Stewart v. Murphy,* 95 Kan. 421, 422, 148 Pac. 609; *Kelly v. Insurance Co.,* 101 Kan. 636, 168 Pac. 686; *Bank v. Grisham,* 105 Kan. 460, 474, 185 Pac. 54; *Axtell v. City of Newton,* 108 Kan. 32, 37, 193 Pac. 1054.)

In these cases will be found a number of other decisions of this court declaring the rule here followed.

The former opinion is adhered to and the judgment is affirmed.

HARVEY, J. (concurring specially): I agree with the opinion of the court upon the point here determined, but am still of the opinion that the case should have been reversed and a new trial granted, for the reasons argued upon the original appeal.