No. 31,647

DAVID B. MONICAL, etc., et al., *Appellants*, v. THE CITY OF HOWARD, *Appellee*.

(31 P. 2d 1000.)

Opinion filed May 5, 1934.

*C. L. Kagey, Hal M. Black* and *L. M. Kagey,* all of Wichita, for the appellants.

· *Clifford Sullivan* and *C. B. Crawley,* both of Howard, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal from a judgment sustaining a demurrer to plaintiff's petition in which he sought to state a cause of action against the defendant city for injuries sustained by the explosion of a "bomb" which was some sort of firecracker six or eight inches long and four to six inches in circumference and covered with brown or tan-colored paper, and which apparently had been left in an alley from the time of holding a Fourth of July celebration in the city two months previously.

. Plaintiff, a lad of nine years, found the "bomb" and exploded it,

and was seriously and permanently injured thereby. In his behalf his father and next friend presented a claim against the city for medical and hospital services and expenses and permanent injuries, pain and suffering. This was disallowed.

Hence this action. Plaintiff charged the city with negligence as follows:

"On July 4, 1930, the defendant city and its officers permitted a celebration in which large numbers of its citizens participated and in which dangerous and explosive bombs were thrown about and were left lying in the streets and alleys of defendant city, and defendant and its officers negligently failed in its duty to keep the streets and alleys of said city free and clear of said dangerous objects, and failed in its duty to see that said streets and alleys were kept free from dangerous explosives used in said celebration, and the bomb which exploded and caused plaintiff's injuries was negligently permitted to remain in the alley of said city from the time of said celebration until the time of plaintiff's injury. On or about the 10th day of July, 1930, one Howard Young stated to the mayor of said city of Howard, Kansas, in conversation with him in said city that a number of the bombs which had been set off at the Fourth of July celebration had not exploded and that the city ought to make a search for them in order to prevent anyone from being hurt, as they were very dangerous."

Plaintiff also alleged that—

"Said bombs left lying in the streets and alleys of said city were attractive nuisances, and on account of the tender years of the plaintiff and his lack of knowledge of their dangerous character, the injuries he sustained were a natural consequence of the negligence of the city in permitting said bomb to remain unexploded in one of the alleys of said city after said Fourth of July celebration. By reason of the negligence of the defendant, as aforesaid, plaintiff sustained all of said injuries and defendant is liable therefor."

Defendant lodged against this petition a motion to strike out certain parts of it, which at the suggestion of the court was argued as a demurrer to the petition, following which the demurrer was sustained on the general ground that it did not state a cause of action against the city.

From that ruling plaintiff appeals, invoking the rule of law which required a city to maintain its streets and alleys in a safe condition for public travel. However, it would be straining that rule unduly to hold that a Fourth of July "bomb" lying at some unknown location in an alley rendered the alley unsafe for public travel; and furthermore this "bomb" did no mischief to public travel.

Stress is put on the fact that Howard Young notified the mayor of the existence of unexploded bombs lying about town, and urged

that a search be made for them. It will be observed, however, that the mayor's informant did not state that such explosives were lying in the alleys of the city, and he did not state that the bomb which wrought this injury to plaintiff was lying in any particular alley. He merely said they existed within the city. In other words, Howard Young did not tell the mayor what he himself did not know. So the question is reduced to this: Was the mayor bound to accept as true the information he had received from Young, and call the city council together and have an ordinance passed authorizing the employment of persons to search the city for unexploded bombs? Surely this question requires a negative answer.

Of course the persons who threw these bombs and negligently left them where children could get hold of them are liable to plaintiff (*Clark v. Powder Co.,* 94 Kan. 268, 146 Pac. 320), but there is no statute imposing such a liability on a city, and it would be difficult to develop a just rule of law to subject the city to such liability. In a well-considered case we have held that a city is not liable to a person who was injured by the throwing of explosives in a Fourth of July celebration. (*Kretchmar v. City of Atchison,* 133 Kan. 198, 200, 299 Pac. 621. See, also, *Rose v. City of Gypsum,* 104 Kan. 412, 179 Pac. 348, and citations.) The underlying reason for such rulings is that aside from the common-law duty of. a city to keep its streets safe for public travel, the city is never liable for breach of its governmental duties except where some statute explicitly so declares. (*Bruce v. Kansas City,* 128 Kan. 13, 16, 17, 276 Pac. 284.)

A suggestion of the "bomb" as an attractive nuisance appears in plaintiff's petition, but this theory is not pressed in the brief and it needs no discussion.

The trial court's ruling was correct, and its judgment is affirmed.