No. 32,379

GEORGIA COOK, *Appellee*, v. SCHOOL DISTRICT No. 29 IN MIAMI COUNTY, *Appellant*.

(56 P. 2d 66)

Opinion filed April 11, 1936.

*Karl V. Shawver,* of Paola, for the appellant.

*Ben F. Winchel,* of Osawatomie, for the appellee.

The opinion of the court was delivered by

THIELE, J.: The defendant school district appeals from a judgment awarded plaintiff on her teacher's contract.

Plaintiff filed her petition alleging her contract to teach defendant's school for the school year 1933-'34 and that she complied therewith until November 25, 1933, at which time she was arbitrarily and without notice dismissed for alleged incompetency; that the dismissal was without reasonable, justifiable or substantial cause, was without proper or sufficient investigation on the part of the defendant, and that she was given no opportunty to defend herself, etc. She alleged she refused to recognize validity of her dismissal and reported at the school ready and willing to complete her contract, etc.; that she was unable to procure other employment and lost six months' salary, for which she prayed.

Defendant's demurrer to the petition was overruled and it answered, admitting the contract and denying that plaintiff was dismissed arbitrarily and without notice. It also alleged a series of events leading up to a resignation of her position by plaintiff, her attempted repudiation of the resignation, her dismissal, and reasons therefor. Plaintiff replied, denying generally and alleging her version of the resignation.

Ultimately the case came on for trial, and after plaintiff's counsel made an opening statement defendant moved for judgment, the motion being denied. Plaintiff introduced her evidence, and defendant's demurrer thereto being overruled, it offered its evidence; the court instructed the jury and thereafter it returned a verdict in favor of plaintiff. Answers to special questions were also returned. We need not notice post-trial motions and rulings thereon.

Defendant appeals, assigning as error the ruling on its demurrer to the petition, its motion for judgment on the opening statement, its demurrer to plaintiff's evidence, and various other rulings of the trial court.

Without making a further detailed statement of the allegations of the petition, or any summary of the opening statement, we are of opinion the trial court did not err in overruling the demurrer to the petition or denying the motion for judgment on the opening statement.

The demurrer to plaintiff's evidence requires that such evidence be examined. It may be noted that as abstracted few dates are shown. Plaintiff, as a witness in her own behalf, stated her educational preparation and that she started teaching the first and second grades at Fontana in September, 1933; that she had 25 pupils; that complaints were made to her by the school principal and one patron, at the end of the first month; that the principal of the school complained to her of noise; that he visited in her room at another time; that Mr. Allman, a member of the school board, visited the last day of the first month, staying about forty-five minutes; that Mr. Wilson, another board member, later visited, staying about an hour. Mr. Young, the other member of the board, visited twice, a little over an hour one time, and about an hour the other time. Each of the board members spoke to her about the discipline. Miss Mattingly, the county superintendent, visited, staying about an hour and a half. She stated she had been hearing complaints and made suggestions as to discipline and methods of instruction. Miss Mattingly was also there a quarter of a day the last week plaintiff taught the school. On November 24, 1933, the principal advised plaintiff of a meeting of the board and county superintendent to be held that evening. The meeting was held, all members of the board, the county superintendent, the principal of the school and witness being present. The county superintendent was asked to preside. The question of compaints and plaintiff's competency were discussed. Some complaints were read to plaintiff. Plaintiff was asked to resign or they would dismiss her. Plaintiff started to cry and said, "I have been worrying about this for a week," and upon being asked to resign said, "Well, I don't know. It seemed like it was either resign or be dismissed." Later she started to write out her own resignation, but made some statement that it was against her wish. The county superintendent then told her if it was not her own free will not to go ahead. Notwithstanding, she finished writing out her resignation, signed it and gave it to the school board. During the day and that evening she took her things, went away, and thought she was through. The next day she talked to her parents, then consulted an attorney, who wrote the members of the school board a letter in which she claimed to have given the resignation under duress; that she declared the resignation void and that she intended to continue under her contract. Other details of that letter need not be noted. Upon its receipt the members of the board and the

county superintendent met, framed and signed a document which was given plaintiff the following Monday morning, informing plaintiff she had been dismissed. Over defendant's objection, eight patrons of the school, only one of whom had visited it, were permitted to testify as to the progress their children had made.

It is clear from plaintiff's own version of what transpired that she had ample notice from the principal of the school, the county superintendent and the members of the board that her work was not satisfactory. She had notice of the meeting at which complaints against her were considered. She did not ask for any time to produce evidence to contradict the truthfulness of the complaints. By her own action in resigning she put an end to any necessity for further proceedings by the school board and county superintendent. The fact that the next day she consulted a lawyer, who on her behalf wrote a letter saying her resignation was procured as a result of duress and attempting to avoid her resignation did not change the force and effect of what was done. In her testimony there is nothing which even hints at duress. When she said resigning was against her wishes she was told not to go ahead. Yet she did resign. Neither is there any evidence of arbitrary or capricious conduct. The principal of the school called her attention early in the school year to situations which needed to be remedied. The members of the school board and the county superintendent visited the school and advised her. For aught the record shows, they made a sincere effort to assist her. Eventually the meeting of November 24 was held, and plaintiff's version of what transpired discloses there was no action taken which could fit any of the denunciatory adjectives applied to it in plaintiff's petition.

The action of a school board and county superintendent in dismissing a teacher was under consideration in *Morris v. School District,* 139 Kan. 268, 30 P. 2d 1094, where it was said:

"It is perfectly idle to contend a subject demanding consideration and action by the board was not brought to the board's attention. The body appointed by the law to consider and act on the subject dismissed her. That ended investigation of the merits of the dismissal and of the method by which the conclusion to dismiss was reached (*Allen v. Burrow,* 69 Kan. 812, 821, 77 Pac. 555; *Allen v. Burrow,* 69 Kan. 877, 77 Pac. 1133). The function of the district court was limited to investigation of whether the dismissing body was guilty of bad faith, fraud, corruption, or oppression. Those are terms of opprobrium. What they connote must be established by proof, and not by innuendo or exercise of the faculty of imagination, and plaintiff produced no evidence of bad faith." (p. 275.)

Plaintiff's evidence showed her contractual relation with the school district was fairly terminated, and defendant's demurrer to her evidence should have been sustained.

The judgment of the trial court in favor of plaintiff is reversed. The cause is remanded with instructions to sustain the defendant's demurrer to plaintiff's evidence, and to render judgment for the defendant.