No. 36,873

CHARLES JOHNSON, a Minor, by Flossie Potter, his Parent and Next Friend, *Appellee*, v. THE CITY OF GALENA, *Appellant*.

(186 P. 2d 96)

VERNOR J. BOWERSOCK, judge. Opinion filed November 8, 1947.

*Oscar M. Yount*, city attorney, argued the cause, and *Helen E. Yount*, of Galena, was with him on the briefs for the appellant.

No appearance was made for the appellee.

The opinion of the court was delivered by

WEDELL, J.: The plaintiff, a boy of seventeen years of age, by his mother and next friend, commenced this action to recover damages from the city of Galena for injuries he was alleged to have suffered while resting in an alley.

The city's motion to make the petition more definite and certain,

its motion to strike a portion thereof and its general demurrer to the petition were overruled. The city appeals. The material allegations of the petition were:

"That on the 21st day of July, 1945, and at about the hour of between 10:00 and 11:00 o'clock A. M. of said day, a cast iron boiler base, about four feet in diameter, and the said base weighing about three to four thousand pounds, was standing in an alley of the said defendant, the city of Galena, Kansas, on the edge of the said alley against a brick wall, on the west side of the said alley, in an upright positon without any brace, support or other means of preventing the same from falling and in such an upright position that the same was insecure and at all times liable to fall to the east inflicting injuries upon any person or persons using the said alley.

"That the said alley runs north and south from 7th Street to 8th Street through the first block west of Main Street between 7th and 8th Streets in said city, and the said boiler base at the time aforesaid was resting in the position aforesaid, at a point about 50 feet south from the sidewalk which runs along the south side of 7th Street, between Main and Short Streets of said city.

"That the said boiler base had been standing in the said position at the said point in the said alley for a period of approximately one year prior to the aforesaid time, and long enough that the officers, agents, servants and employees of the City of Galena, Kansas, knew or by use of reasonable care should have known that the said boiler base was standing in the alley in the position aforesaid.

"That the said Charles Johnson, a minor, at the aforesaid time of the 21st day of July, 1945, at about the hour of between 10:00 and 11:00 A. M. of said day was in the said alley, at the point where the said boiler base stood, and the said Charles Johnson sat down to rest in the said alley. That while the said Charles Johnson was resting, the said boiler base then standing in the said insecure position and by reason of jar caused by heavy traffic on 7th Street or by other cause to Claimant unknown, toppled over to the east into the said alley, and the boiler base fell on the said Charles Johnson while he was resting as aforesaid in the said alley, thus inflicting upon him the following injuries, to-wit: A transverse fracture of the olecranon process of the ulna bone and a small oblique fracture of the inner portion of the head of the radius of the left elbow; also a severe blow and bruise to the left side of the head and a bruise and sprain to the left side of the neck also a severe cut and bruise on the point of the right elbow.

"That the said injuries were sustained by the said Charles Johnson on account of the aforesaid negligence of the City of Galena, Kansas, which said negligence consisted of the said City of Galena, Kansas, failing to keep the aforesaid alley open and free from dangerous hazards and failing to prevent the placing therein of obstacles which might or could cause injuries to person or persons lawfully using said alley and failing to remove or cause to be removed any obstacle or hazards placed therein."

Attached to and made a part of the petition was the notice of injuries and claim for damages served on the city.

It may be well to state a few concise general principles of law pertaining to alleys and to comment briefly on some of our own decisions. In 1 Elliott on Roads and Streets, 4th ed., it is said:

"If the alley is a public one, it is a highway, and, in general, is governed by the rules applicable to streets [p. 30] . . . The rights and duties of a municipal corporation respecting public alleys are substantially the same as those respecting streets. They may be improved at the expense of adjoining owners, and it is the duty of the municipality to use ordinary care to make and keep them in a reasonably safe condition for travel." (p. 33.)

To the same effect are 4 McQuillin on Municipal Corporations, 2d Rev. ed., p. 22; White on Negligence of Municipal Corporations, p. 260; 25 Am. Jur., Highways, § 401; Anno. 44 A. L. R. 814; Anno. 48 A. L. R. 434. These principles have been substantially applied in this state in cases where cities were held liable for injuries sustained in alleys. A few of them are *Atchison v. Acheson,* 9 Kan. App. 33, 57 Pac. 248; *Osage City v. Larkin,* 40 Kan. 206, 19 Pac. 658; *Fletcher v. City of Ellsworth,* 53 Kan. 751, 37 Pac. 115; *Dallas v. Concordia,* 84 Kan. 734, 115 Pac. 558.

We think, however, the instant case is not controlled by the Atchison case, *supra,* where a party stepped into an alley at night and into a large open hole in the pavement; or by the Fletcher or Dallas cases, *supra,* in both of which persons in the darkness of night stepped into large unguarded cellarways in an alley; or by the Osage City case, *supra,* where a dangerous piece of machinery, uncased and unprotected, was permitted to remain in an alley for years and injuries were sustained by a little girl under nine years of age when she fell onto the machinery.

In *Axtell v. City of Newton,* 108 Kan. 32, 193 Pac. 1054, the city was held not liable by reason of a large stone falling on a person in an alley when the city knew the stone was located on or near the edge of the alley, ordered it moved, but did not have knowledge of its changed and unstable condition at the time it fell. That case was tried on the same theory the instant petition was sought to be framed, namely, that the city had notice of the unstable condition of the object and not upon the theory the city was liable merely because the object, where situated, constituted an obstruction in the alley.

Another alley case, occasionally referred to as the "bomb" case, in which liability of the city was denied is *Monical v. City of Howard,* 139 Kan. 537, 31 P. 2d 1000, but it is not in point.

Appellant contends the instant petition must now be strictly construed against appellee and relies upon the well established rule stated in *Lofland v. Croman*, 152 Kan. 312, 103 P. 2d 772, to wit:

"After a proper motion to make material allegations of a petition definite and certain has been overruled, such pleading cannot, in respect to such allegations, to be upheld against a general demurrer unless it fairly states a cause of action upon some definite theory without resort to inferences or the construction of doubtful language." (Syl. ¶ 3.)

See, also, *Frogge v. Kansas City Public Service Co.*, 159 Kan. 687, 157 P. 2d 537.

We need not set out all portions of appellant's motion to make definite and certain. Some facts the motion sought to have alleged were not material. Some facts requested were highly material and should have been alleged. The effect of one portion of the motion was to have appellee allege facts, not conclusions, which disclosed why the city knew, or should have known, the object complained of was in danger of falling and therefore constituted a hazard to travel in the alley.

The city is charged with liability by reason of its alleged negligence in failing to keep the alley open and free from dangerous hazards. What particular kind of a boiler base was this that the city is charged with having unlawfully permitted to stand at the edge of the alley? The city was not given the slightest idea and we have no way of knowing. How high was it? The petition is wholly silent. Was it resting on a flat or sloping surface? The petition failed to state. Did it actually tilt to the east indicating the need of a brace or support to keep it from falling? What were the facts, not the conclusions, which placed the city on notice with respect to the unstable condition of this object? Was it square or round? The only inference in that regard is to be found in the allegation that it was four feet in diameter. The petition alleged it weighed about three to four thousand pounds. The claim for damages, a part of the petition, alleged the object weighed three or four hundred pounds. The city is not charged with having placed the object in the alley, but it is alleged it was permitted to remain in the described position for approximately one year. It is therefore evident the position of the object did not change during approximately one year and that it had not previously fallen. No facts are alleged, in plain and concise language, showing the city knew, or should have known, the object was in danger of fall-

ing. While courts should never be hypercritical it does seem to us the city was entitled to have a reasonably accurate statement of facts, rather than conclusions, which were designed to fasten notice upon it concerning the unstable condition of the object. In many cases motions to make a pleading definite and certain are not especially important but the facts sought here concerning notice to the city are the essence of the action. Absent such notice liability does not ordinarily attach. Appellant expressly moved that the court require appellee to state such facts. In their absence the court also should have sustained appellant's motion to strike the allegation that the object was at all times liable to fall ". . . to the east inflicting injuries upon any person or persons using the said alley." In the absence of the necessary averment of facts the quoted allegation was a mere conclusion. A demurrer, of course, never admits naked conclusions but only facts well pleaded. (*Kretchmar v. City of Atchison*, 133 Kan. 198, 204, 299 Pac. 621; *Richards v. Tiernan*, 150 Kan. 116, 91 P. 2d 22.)

We are not favored by a brief from appellee and consequently are not apprised of his contentions but upon sound rules of pleading we think the petition, when properly challenged by motion, should be held not to fasten notice on the city that the boiler base was in such insecure position as to be in danger of falling.

Appellant also, in effect, contends an alley is not designed as a resting place but only for those who travel upon it in the ordinary and accustomed modes; that the instant injury did not occur in that manner and the city is not liable. The contention presents a highly interesting phase of municipal law. The importance of the question, however, is such that we prefer not to pass on it in the absence of a brief from appellee.

The order overruling the demurrer to the petition is reversed.