No. 41,251

HARRY A. MOORE, *Appellant*, v. TOM STARKEY, FLOYD SONTAG and CLAYTON SMITH, School Board of Common School District No. 42 of Butler County, Kansas, and said COMMON SCHOOL DISTRICT No. 42 of Butler County, Kansas, and TOM STARKEY, CHARLES CRAIG and R. H. BING, School Board of Rural High School District No. 3 of Butler County, Kansas, and said RURAL HIGH SCHOOL DISTRICT No. 3 of Butler County, Kansas, *Appellees.*

(340 P. 2d 905)

Opinion filed June 13, 1959.

*Allyn M. McGinnis,* of El Dorado, argued the cause, and *Walter F. McGinnis,* of El Dorado, was with him on the brief for the appellant.

*Richard W. Moss,* of El Dorado, was on the brief and argued the cause for the appellees.

The opinion of the court was delivered by

PRICE, J.: This is an action by a school teacher, who was dismissed before his term of employment expired, to recover salary from the school district for the portion of the term remaining after dismissal. A demurrer to the petition on the ground it fails to state facts sufficient to constitute a cause of action was sustained, and plaintiff has appealed.

On April 5, 1957, the contract of employment was entered into. By its terms plaintiff was employed as a teacher for the nine-months term beginning on August 28, 1957. The contract provided that it "shall continue in full force and effect during good behavior and efficient and competent service of the teacher . . ." Plaintiff entered upon his work as a teacher and was paid his monthly salary.

On February 3, 1958, pursuant to a meeting of the school board, plaintiff was discharged. He was notified of this action by a letter of that date from the director of the board. The body of this letter reads:

"A special meeting of the Latham School Boards was held this morning in regard to discussing your past actions, and statements made by you in your capacity as Superintendent of the Latham Schools.

"After a thorough discussion of this problem it was decided by a vote of 4 to 0 that you be discharged from your duties as Superintendent of Schools of Latham, Kansas, as of this date.

"You are hereby officially notified of your discharge and of the termination of your contract with this board, all as provided for by law."

Twelve days later, on February 15, 1958, this action to recover plaintiff's salary for the remainder of the school term was filed and, as heretofore related, the appeal is from an order sustaining a demurrer to the petition.

Material portions of the statute (G. S. 1957 Supp. 72-1028) applicable to the situation presented read:

"The school board of each common-school district shall maintain the schoolhouse in good repair, shall keep it a clean, comfortable and healthful place for the purpose for which it is intended; shall contract and hire qualified teachers for and in the name of the district, which contract shall be in writing, and shall specify the wages agreed upon and shall be filed with the district clerk. Such contract may be made at any time after February 1 for the succeeding school year, subject to the annual school meeting voting to maintain school for such year, and subject to the adoption of a sufficient budget. *The school board may dismiss the teacher for cause. Any teacher so dismissed by the board shall have and is hereby granted the right to appeal to the county superintendent within ten days after such dismissal and the decision of the county superintendent on such appeal shall be final.* . . ." (Emphasis supplied.)

The petition contains no allegation that plaintiff pursued the procedure provided by the statute—namely, appeal to the county superintendent, and it is not contended that he did pursue such remedy.

In this court plaintiff makes two contentions, one of which is that the statute in question is unconstitutional in that the subject matter thereof is not clearly expressed in its title as required by Art. 2, Sec. 16, of our Constitution, and cites *State, ex rel., v. Kirchner*, 182 Kan. 622, 322 P. 2d 759.

A short answer to this contention is that the question was neither pleaded nor raised in the court below and therefore is not before this court on appeal. (*Board of County Commissioners v. Brown*, 183 Kan. 19, 325 P. 2d 382, syl. 2.)

The petition alleges that no cause for dismissal has been shown and that plaintiff is unaware of any cause, and that "there is no

just cause for such dismissal." Plaintiff contends the demurrer thus admits this allegation and therefore his petition states a cause of action because the statute provides that dismissal may be had only for cause.

The point is not well taken.

In the first place, it is readily apparent from the letter of dismissal that plaintiff's contract was terminated due to his past actions and statements made by him in his capacity as superintendent of the school. The allegation that "there is no just cause for such dismissal" amounts to nothing more than a conclusion. The rule is that a demurrer never admits naked conclusions but only facts well pleaded. (*Johnson v. City of Galena*, 163 Kan. 713, 186 P. 2d 96, syl. 4. See also Hatcher's Kansas Digest, Pleading, § 155.)

We are not concerned here with the ultimate rights and liabilities of the parties to this action. (*Parrick v. School District*, 100 Kan. 569, 572, 164 Pac. 1172; *Morris v. School District*, 139 Kan. 268, 30 P. 2d 1094; *Cook v. School District*, 143 Kan. 532, 56 P. 2d 66.) The question presented is whether this petition states a cause of action, and we feel compelled to hold that it does not. By enactment of the statute in question the legislature has provided that a school board may dismiss a teacher for cause and that any teacher so dismissed shall have and is granted the right to appeal such dismissal to the county superintendent within ten days. As a practical matter it may be said that the provisions of the statute become a part of the contract of hiring. The petition does not allege that plaintiff pursued the administrative remedy provided by the statute, and the demurrer was properly sustained.

The judgment is therefore affirmed.